WILLIAMS, Judge.
On March 21, 1984, defendant, George P. Rogers, was charged by bill of information with simple burglary in violation of LSA-R.S. 14:62 and theft in violation of LSA-R.S. 14:67. After a trial by jury, the defendant was found guilty as charged on both counts and was sentenced to six years at hard labor for the burglary charge and two years for the theft charge. The sentences are concurrent. Defendant appeals his conviction.
On the morning of January 3, 1984, Debra Carter looked out of her front door and saw Rogers attempting to open the front passenger door of her automobile. After realizing the door was locked, defendant went to the back door of the car. He opened the back door and attempted to unfasten a child’s car seat which was secured by the car’s safety belt. When Mrs. Carter asked what he was doing, he got out of the car, began to walk down a side street and, as he left, said “I'm sorry.”
Rogers continued to walk in the neighborhood and arrived at the residence of Linda Butcher. At Mrs. Butcher’s home, Rogers hopped the fence, petted her watch dog, picked up a tool box belonging to Mr. Butcher and threw it over the fence. Rogers remained in the yard for a few minutes. Mrs. Butcher saw Rogers in the yard and asked him what he was doing; Rogers answered that he was looking for the shipyard. Rogers then attempted to flee the yard, but was apprehended by a police officer summoned by Mrs. Butcher.
At trial, the defendant urged a defense of intoxication. The defendant’s sister-in-law testified to the defendant’s recurrent problems with alcohol. She testified that he had been treated for substance abuse at Charity Hospital in New Orleans, and that he had been to Alcoholics Anonymous. She said that she saw Rogers drinking just about every day, although she did not specifically recall seeing him January 3, 1984.
The defendant took the stand on his own behalf. He claimed to have been drinking all night before the incident and disclaimed any recollection of the actual facts of the *957 case. Although Mrs. Butcher and Officer Dennis testified that they smelled alcohol on Rogers, his actions were not consistent with his intoxication defense. Defendant asks this court to review the record for errors patent.
A review of this record for errors patent reveals several discrepancies in the minute entries. The defendant was charged by bill of information with violations of LSA-R.S. 14:62 and LSA-R.S. 14:67. He was found guilty as charged on both counts. The minute entry on April 23, 1984, shows two violations of LSA-R.S. 14:64. The verdict is shown as guilty as charged. Furthermore the minute entry dated May 1, 1984, reflecting the granting of this appeal, shows violations of LSA-R.S. 14:62 and LSA-R.S. 14:37 rather than LSA-R.S. 14:67.
Despite the aforementioned discrepancies we can find no error causing prejudice to the defendant. It appears from the bill of information and the trial transcript that the defendant was properly charged, convicted and sentenced.
Additionally, we have reviewed the record for sufficiency of the evidence. LSA-R.S. 14:62 states in pertinent part: “Simple burglary is the unauthorized entering of any ... vehicle ... with the specific intent to commit a felony or any theft therein_” At trial Mrs. Carter testified that she did not authorize the defendant to enter her car. Further, she testified that Rogers attempted to remove property from the car. Viewing the evidence in a light most favorable to the prosecution, we find that a rational trier of fact could find the essential elements of simple burglary beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 660 (1979).
Theft is defined as:
“... the misappropriation ... of anything of value which belongs to another, either without the consent of the other to the misappropriation.... An intent to deprive the other permanently of whatever, may be the subject of the ... taking is essential.” LSA-R.S. 14:67.
In the case at bar, the defendant took a tool box belonging to the Butchers and threw it over the fence. The tool box was valued at approximately $250.00.
Intent to deprive permanently is an essential element of theft. In this case it is apparent that until the defendant was confronted by Mrs. Butcher and, later by Officer Dennis, his purpose was to flee the scene with the Butcher’s property. Since this is a case based on circumstantial evidence, we have used the two-step analysis set forth in State v. Shapiro, 431 So.2d 372 (La.1982), and have found that under this analysis there is sufficient evidence in the record to find the defendant guilty of theft.
Both simple burglary and theft are specific intent crimes. Intoxication is an enumerated defense to specific intent crimes when the intoxication has precluded the intent required to commit the particular crime. LSA-R.S. 14:15. Specific intent exists “when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act.” LSA-R.S. 14:10.
Both the defendant and his sister-in-law testified that he had a drinking problem. In his own defense, Rogers testified that he had been drinking the night before, and that he had no recollection of committing the alleged crimes. On behalf of the prosecution, however, Mrs. Carter, Mrs. Butcher, and Officer Dennis each testified that Rogers’s actions were inconsistent with those of a drunken person. In light of the standard enunciated in Jackson, we find that a rational trier of fact could find that the defendant’s alleged intoxication was inadequate to negate the intent necessary to commit both simple burglary and theft.
For the foregoing reasons the sentence and conviction imposed by the trial court is AFFIRMED.
AFFIRMED.