440 So.2d 845 (1983)
STATE of Louisiana, Appellee,
v.
Michael W. EDWARDS, Appellant.
No. 15477-KA.
Court of Appeal of Louisiana, Second Circuit.
October 24, 1983.
*846 Jones, Jones & Jones by Charles D. Jones, Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Johnny Parkerson, Dist. Atty., Earl Cox, Asst. Dist. Atty., for appellee.
Before JASPER E. JONES, FRED W. JONES, Jr. and PRICE, JJ.
JASPER E. JONES, Judge.
Appellant's probation was revoked after a revocation hearing and he was ordered to serve the two year jail term which was suspended when he was placed on probation.[1] He appeals the lower court's ruling on the grounds an admission he made to a probation officer about a violation of one of the conditions of his probation was improperly admitted into evidence. We affirm.
One of the conditions of appellant's probation required him to refrain from using illegal drugs. He was also ordered to undergo periodic testing for the presence of any drugs in his system. After two of the tests revealed the presence of THC in appellant's system, which indicated the use of marijuana, his probation officer, Edward Gray, contacted him concerning the test results. Appellant appeared at Gray's office on October 15, 1982. Gray was busy when appellant arrived and for this reason Gray's supervisor, Audie Edwards, discussed the matter with appellant.
Edwards questioned appellant about his drug usage without warning him of his Miranda rights. Appellant admitted he smoked marijuana before one of the tests. Appellant was then taken back to Gray's office where he repeated his admission.[2]
A formal motion to revoke appellant's probation was filed by the state on November 8, 1982. The revocation hearing was held November 29, 1982. Audie Edwards testified at the hearing to the admission made by appellant without the benefit of Miranda warnings. Appellant contends that Edwards' testimony was erroneously admitted because two of the procedural safeguards guaranteed an accused were lacking when he was questioned by Edwards.
Assignment of Error No. 1
Appellant contends a probation officer should be required to advise a probationer of his Miranda rights before questioning him about possible violations of the conditions of his probation. This contention is untenable. A probationer's admissions to a probation officer are admissible at a revocation hearing in spite of the absence of Miranda warnings. The Miranda rule has not been extended to probation hearings. State v. Lassai, 366 So.2d 1389 (La.1978). See also United States v. Johnson, 455 F.2d 932 (5th Cir.1972), cert. den. 409 U.S. 856, 93 S.Ct. 136, 34 L.Ed.2d 101.
Appellant, nevertheless, claims that this issue is controlled by Estelle v. Smith, 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1982). There it was held that statements made by the defendant to a court appointed psychiatrist during an examination to determine defendant's future dangerousness were inadmissible at the penalty phase of defendant's trial where the statements *847 were made without the benefit of Miranda warnings.[3]
We find Estelle to be inapposite to the situation presented here. In Estelle the court emphasizes that its holding is limited to psychiatric examinations ordered by the court when the examinee is in custody following the initiation of prosecution after which the defendant must be represented by counsel. The revocation of a parole or revocation of probation is not part of a criminal prosecution, Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484; Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656, and all rights due defendants in criminal prosecutions are not applicable to such proceedings.
This assignment of error is without merit.
Assignment of Error No. 2
Appellant contends a probationer is entitled to counsel at a conference called by a probation officer for the purpose of discussing suspected violations of the conditions of probation.
The leading U.S. Supreme Court decision on when the right to counsel attaches in criminal prosecutions is Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972). The rule there announced is that the right to counsel does not attach until after the initiation of adversary judicial proceedings, "whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." 406 U.S. at 689, 92 S.Ct. at 1882, 32 L.Ed.2d at 417. Louisiana follows this rule. See State v. Bourgeois, 388 So.2d 359 (La.1980); State v. McDonald, 387 So.2d 1116 (La.1980).
The revocation of probation is not a criminal prosecution. Morrissey, supra; Gagnon, supra. The defendant in a probation revocation proceeding is not always entitled to counsel. His right to counsel only exists when due process requires that he be represented. Due process requires he be represented when the complexities of the issues involved in the revocation proceedings mandate assistance of counsel to assure fundamental fairness at the revocation hearing. When due process requires counsel the defendant must be advised of his right to counsel, and in the event he then requests an attorney, one must be appointed to represent him at the revocation hearing. Gagnon, supra. The appellant was represented by his employed attorney at the hearing. There is no requirement that a defendant be represented by an attorney before a determination is made to commence revocation proceedings.
This assignment of error is without merit.
For the foregoing reasons the ruling of the trial court revoking appellant's probation and ordering him to serve the two year jail sentence from his prior conviction is AFFIRMED.
NOTES
[1] Appellant was convicted of possession of a controlled dangerous substance on December 16, 1981. He was sentenced to two years in jail. The sentence was suspended and appellant was placed on three years supervised probation.
[2] On this occasion Miranda warnings were given to appellant. Because of our disposition of the case, we need not consider the effect the second admission with warnings had on the first admission without warnings.
[3] In Estelle the defendant was convicted of murder in Texas. Texas, similar to Louisiana, requires a bifurcated trial in capitol cases. A separate trial is held for sentencing. One of the issues in the sentencing phase is defendant's future dangerousness.