JiPETERS, Judge.
The defendant, Mary Lavergne, was originally charged with possession of Methamphetamine with the intent to distribute, a violation of La.R.S. 40:967(A)(1). Pursuant to a plea agreement, she pleaded guilty to conspiracy to possess Methamphetamine with the intent to distribute, a violation of La.R.S. 40:967(A)(1) and La.R.S. 14:26(A). The trial court accepted her plea and sentenced the defendant to serve five years at hard labor. Additionally, she was ordered to pay a fine of $1,000.00 together with all court costs, in default of which she was to serve six months in the parish jail. The trial court then suspended the five-year sentence and placed the defendant on supervised probation for five years subject to general conditions of probation as well as the following special conditions: (1) that she perform sixty eight-hour days of community service; (2) that she complete a substance abuse program; (3) that she submit to periodic drug screening; (4) that she pay the imposed fine and court costs on a schedule set by her probation officer; (5) that she reimburse the Indigent ^Defender Board $350.00; (6) that she pay $20.00 per month as a supervision fee; and (7) that she report to the Probation Office within seven days of her sentence to make arrangements for the probation period. After a hearing on February 26, 1996, the trial court revoked her probation and ordered that she serve the originally imposed sentence. The defendant has appealed, attacking her conviction, sentence, and the revocation of her probation.
The defendant was arrested on the original charge on September 2, 1989, entered a plea to the conspiracy charge on September 6, 1990, and was sentenced on January 17,1991. She next appeared before the trial court on February 4, 1994. This appearance was in response to her probation officer’s written request for a probation revocation hearing. In his affidavit requesting the probation revocation hearing, the probation officer asserted that the defendant had tested positive for illegal drugs on five occasions[1] and that she had failed to timely pay the fine, court costs, and supervision fee as ordered by the trial court. After the hearing, the trial court declined to revoke the defendant’s probation.
On May 19, 1995, the defendant’s probation officer filed a second affidavit and request for a hearing to revoke her probation. In this affidavit, the probation officer asserted that the defendant had violated her probation in that the St. Martinville Police Department had arrested her on January 1, 1995, for the crimes of driving while intoxicated, speeding, and driving with an expired driver’s license. The trial court addressed this request at a revocation probation hearing on May 31, 1995, and the trial court again declined to revoke the defendant’s probation.
Subsequently, on February 26, 1996, a third probation revocation hearing was|3held. At this hearing, the defendant admitted that she still owed the probation department $795.00; that she had paid nothing toward her obligation to reimburse the Indigent Defendant Board; that she had been convicted of driving while intoxicated on October 31, 1995; that she had failed numerous drug screenings during her probation; that she had continued to abuse the drug Xanax; that she had not completed a substance abuse program as ordered; and that she had pending against her a charge of simple criminal damage to property. After listening to the defendant’s admissions, the trial court re *94 voked her probation and ordered that she serve her original sentence subject to credit for time served.
The defendant was neither represented by counsel nor did she request appointment of counsel at any of the probation revocation hearings. On February 20, 1997, the defendant filed a pro se motion entitled “MOTION TO CORRECT ILLEGAL SENTENCE, ART. 881.5 LA.C.CR.P. RULE NISI TO VACATE SENTENCE” wherein she alleged that the February 26, 1996 hearing was illegal in that her probation had lapsed on January 17,1996; that her probation was revoked for the wrong crime; and that there was no valid plea bargain or guilty plea in the matter. A hearing was held on this motion on March 27, 1997, at which time the defendant was represented by counsel. Upon completion of the hearing, the trial court rejected the defendant’s demands, but ordered that the court records be amended to reflect the correct crime. On the day of the hearing, the defendant requested and was denied an out-of-time appeal. Eleven days later, on April 7, 1997, the trial court reconsidered its ruling and granted the defendant an out-of-time appeal. In her appeal, the defendant asserts five assignments of error.
Assignment of Error No. 1
In her first assignment, the defendant asserts that her Boykinization and guilty |4plea are absolutely null since there is an absence of a formal bill of information charging her with the crime of conspiracy to possess and distribute Methamphetamine. The original bill of information charged the defendant with possession of Methamphetamine with the intent to distribute. However, when the plea agreement was consummated, the state failed to file a new bill of information formally charging the defendant with conspiracy to possess Methamphetamine with intent to distribute.
It is well settled that a defendant may plead guilty to a crime nonresponsive to the original indictment as long as the district attorney accepts it. Further, the state is not constitutionally or statutorily required to amend the information before the defendant can plead to a nonresponsive offense.
State v. Rito, 96-1444, p. 3 (La.App. 3 Cir. 10/8/97); 700 So.2d 1169, 1170 (citations omitted).
This lack of a new bill of information will be recognized as harmless error as long as the defendant is made fully aware of the charge to which he pleaded as shown by extensive Boykinization and the plea is not prejudicial to the defendant. Id. at 1171. See also State v. Guffey, 94-797 (La.App. 3 Cir. 2/1/95); 649 So.2d 1169, writ denied, 95-0973 (La.9/22/95); 660 So.2d 469.
In the present case, the defendant’s guilty plea was agreed to by the state, and the record clearly reflects that the defendant was fully aware of the charge to which she was pleading. The trial court thoroughly explained the elements of the crime to the defendant through an extensive Boykinization. Additionally, the defendant clearly benefited from the plea agreement. The maximum sentence for the crime of conspiracy to possess Methamphetamine with the intent to distribute is one-half of that for possession of Methamphetamine with the intent to distribute. La.R.S. 40:979. Therefore, this court finds that this assignment lacks merit.
Assignment of Error No. 2
|5 sin her second assignment, the defendant contends that the revocation of her probation was an absolute nullity in that she, was denied notice, was denied an opportunity to be heard, and was not provided counsel at the revocation proceedings. A review of a probation revocation is not by an appeal but by an application for supervisory writs. State v. Price, 583 So.2d 499 (La.App. 3 Cir.1990), writ denied, 589 So.2d 494 (La. 1991). However, in the interest of judicial economy and for the purpose of disposing of these issues, on our own motion we will consider these issues as if they were before us on supervisory writs. Id.
The United States Supreme Court concluded in Morrissey v. Brewer, 408 U.S. 471, 489, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1972) that there are certain minimum requirements of due process in parole revocation proceedings, one of those requirements *95 being “written notice of the claimed violations of parole.” This requirement was extended to probation revocation hearings in Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). We find no merit in the defendant’s assertions that she did not receive notice of the February 1994 and May 1995 hearings as the record before us reflects otherwise.
However, we do find merit in the defendant’s claim that she failed to receive notice and was not given an opportunity to be heard at the February 26,1996 hearing. An affidavit and motion requesting a hearing was signed by the probation officer on January 5, 1996. The order setting the hearing requested by the motion was not signed by the trial court until January 9, 1996, and the hearing was set for March 7, 1996 — not February 26, 1996. The affidavit requesting the hearing alleged only that the defendant had violated her probation by failing to pay her monthly probation supervision fee and by failing to reimburse the Indigent Defender Fund. A subpoena was issued on January 16,1996, for the defendant’s appearance on March 7, 1996, but the record contains no evidence to suggest that the motion or the summons was served on the |6defendant. The probation officer testified that, on January 10, 1996, he verbally informed the defendant of the March 7 hearing. In fact, he specifically testified that he did not have a copy of the motion at the time of his discussion with the defendant and that it was the sheriffs obligation to serve her.
According to the probation officer, the February 26 hearing came about because he became aware of an incident that occurred on February 8, 1996, involving the defendant and an altercation over “fake crack cocaine.” He concluded that the defendant should not be on the street, so he called the presiding judge and requested a hearing at the next available date. This conversation occurred on February 23, 1996, and the hearing was orally scheduled for February 26. He further testified that he notified the defendant “that the [March 7] date was moved up....”
The defendant contends that the probation officer did not personally notify her of the February 26 hearing, but left a summons on her door in which the date of March 7, 1996, was scratched out and February 26, 1996, was written in its place. According to her, a notation appeared on the summons that stated, “Mary, be in court. Call me.” She then called her probation officer who told her to be in court at 9:30 a.m. on Monday, February 26, 1996. According to the testimony of the probation officer, the February 26 hearing was scheduled without the filing of any additional pleadings or the issuance by the court of any written notice.
At the beginning of the February 26 hearing, the state announced that it sought revocation because of these two failure to pay violations listed in the January 5 affidavit, but further announced to the court that the defendant had been convicted of a DWI and that she had “admitted to continuous drug use of Xanax for which she does not have a prescription.” The trial court then questioned the defendant concerning her failure to pay the probation fee and her failure to reimburse the Indigent Defender |7Fund, and also questioned her concerning the DWI, the Xanax, her history of failing drug screens, her failure to complete the drug rehabilitation program, and certain simple criminal damage to property charges currently pending before the court. The record contains no evidence that the defendant was given written notice of these alleged violations as required by Morrissey and Gagnon. Clearly, these violations for which the defendant was given no notice were taken into consideration by the trial court in revoking the probation. Such error requires that the order revoking the defendant’s probation be vacated, and the case be remanded for further proceedings not inconsistent with this opinion. See State v. Harris, 312 So.2d 643 (La.1975).
The defendant also complains that she was not represented by counsel at the three probation revocation hearings. Whether counsel should be present at a probation revocation hearing is a determination to be made on a case-by-case basis. Baggert v. State, 350 So.2d 652 (La.1977). In making such a determination, the key factor to be considered is whether there will be complex or disputed facts at issue that would be *96 difficult for an untrained layman to develop or present. Id.
Concerning the probation revocation hearings in February 1994 and May 1995, we need not consider the complexity issue as the defendant suffered no prejudice from not being represented by counsel. Not only was her probation not revoked, but no additional conditions were placed on her. Because we have vacated the judgment revoking the defendant’s probation, we need not consider at this time whether counsel was necessary at the February 1996 probation revocation hearing. We do note that, while none of the violations asserted were disputed and there was nothing complex about the factual issues, our reversal reflects the obvious benefit an attorney would have been to the defendant concerning her procedural defense. Assignment of Error No. 3
lain her third assignment, the defendant contends that she is entitled to be released on bail pending the final resolution of her out-of-time appeal. This issue was previously addressed by this court in a writ application. The favorable ruling to the defendant in that application renders the issue moot. See State v. Lavergne, 98-00177 (La.App. 3 Cir. 8/5/98); 708 So.2d 820.
Assignment of Error No. 4
The defendant’s fourth assignment of error asserts that the trial court erroneously inserted in numerous minute entries that the defendant had been convicted of possession of Methamphetamine with the intent to distribute. Specifically, the court minute entries for January 17,1991, May 31, 1995, and February 26, 1996, state in their captions that the defendant was convicted of possession of Methamphetamine with intent to distribute. If clerical errors do not prejudice a defendant, such errors are considered harmless. State v. Rogers, 464 So.2d 955 (La.App. 4 Cir.1985). In the present case, since these erroneous minute entries are only harmless error, we find that this assignment lacks merit.
Assignment of Error No. 5
In her fifth assignment, the defendant contends that her sentence is illegal because the revocation of her probation did not occur until after she had served all of her probation. On January 17, 1991, the defendant was placed on supervised probation for five years. Therefore, her probation was to conclude on January 17, 1996, unless it was revoked.
La.Code Crim.P. art. 899(D) states the following:
When a warrant for a defendant’s arrest or a summons for defendant’s appearance is issued under Paragraph A or a detainer is 19issued under Paragraph B of this Article, the running of the period of probation shall cease as of the time the warrant, summons, or detainer is issued.
The affidavit and motion at issue were filed on January 16, 1996, and a summons to the defendant was issued on the same day. The filing of the affidavit and issuance of the summons pursuant thereto had the effect of stopping the running of the period of probation. Thus, we find no merit in this assignment of error.
DISPOSITION
For the foregoing reasons, the order revoking the defendant’s probation is vacated, and the matter is remanded to the trial court for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.

. The affidavit asserted that the positive tests were administered on December 4, 1991, December 19, 1991, January 7, 1993, November 22, 1993, and December 17, 1993.