# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-264

**STATE OF LOUISIANA**

**VERSUS**

**EDWIN E. MYLES**

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 00-976
HONORABLE KEITH RAYNE JULES COMEAUX, DISTRICT JUDGE

**********

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, C.J., Billie Colombaro Woodard, and Oswald A. Decuir, Judges.

**CONVICTION AND SENTENCE AFFIRMED. CASE REMANDED FOR EVIDENTIARY HEARING ON MOTION AND ORDER TO REVOKE PROBATION.**

M. Craig Colwart
St. Mary Parish I.D. Board
124 West Washington Street - Suite C
New Iberia, LA 70560
Telephone: (337) 365-4006
COUNSEL FOR:
    Defendant/Appellant - Edwin E. Myles

Honorable Phillip Haney
District Attorney
300 Iberia Street, Suite 200
New Iberia, LA 70560
Telephone: (337) 369-4420
COUNSEL FOR:
    Plaintiff/Appellee - State of Louisiana

**Walter James Senette  Jr.**
**Assistant District Attorney - 16th Judicial District Court**
**P. O. Box 1008**
**Franklin, LA 70538**
**Telephone:  (337) 828-4100, Ext. 550**
**COUNSEL FOR:**
     **Plaintiff/Appellee - State of Louisiana**

**Edwin E. Myles**
**Phelps Correctional Center - H-2**
**P. O. Box 1056**
**DeQuincy, LA 70633**

THIBODEAUX, Chief Judge.

The Defendant, Edwin E. Myles, pled guilty to possession with intent to distribute marijuana, a violation of La.R.S. 40:966(A) and was sentenced on December 7, 2000, to serve ten years at hard labor in accordance with a plea bargain agreement. His sentence was suspended and the Defendant was placed on supervised probation for five years. In February, 2003, the Division of Probation and Parole filed a motion to revoke the Defendant's probation. After the Defendant admitted to probation violations, the trial court revoked his probation and ordered him to serve his original sentence of ten years.

The trial court denied a pro se motion to reconsider the sentence. The court subsequently granted the Defendant an out-of-time appeal pursuant to the Defendant's pro se notice of intent seeking a "writ and/or appeal" to this court. The trial court stated it appeared the Defendant wished to appeal his sentence, although it was unsure of the nature of his claim.

**PROCEDURAL ISSUES**

Defense counsel contends that a reading of the April 2003 and March 2004 motions indicate the Defendant wishes to appeal his probation revocation. Defense counsel acknowledges that the proper mode of review for revocation proceedings is an application for supervisory writs, not an appeal. However, in the interest of judicial economy, defense counsel asks this court to consider the merits of his claims regarding the revocation proceeding.

The Defendant filed two pro se briefs in this court. In both briefs, he raises claims challenging his conviction and sentence. He also raises one claim

1

concerning his probation revocation, specifically, that his probation was revoked on old charges for which he was not convicted.

This court has, in the interest of judicial economy, considered revocation issues on appeal as if the issues were before the court on supervisory writs in a case in which the defendant also challenged his conviction. *See State v. Lavergne*, 97-752 (La.App. 3 Cir. 6/3/98), 716 So.2d 92. This case differs somewhat in that it appears the Defendant was not granted an appeal of his conviction; however, he challenges his conviction and sentence on appeal. However, in the interest of judicial economy and because the trial was uncertain as to the nature of the Defendant's claim, we will consider both the claims regarding the Defendant's conviction and sentence as well as the claims regarding the revocation.

## The District Court Improperly Revoked the Defendant's Probation Based Upon Nonpayment of Money Owed

Defense counsel claims the district court failed to make a determination of whether the Defendant had the means to pay the money owed and whether he willfully failed to make the payments.

In *Bearden v. Georgia*, 461 U.S. 660, 672-73, 103 S.Ct. 2064, 2073 (1983), the supreme court set forth the factors to consider and procedures to be employed when a defendant has not paid his fine or restitution:

> We hold, therefore, that in revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternative measures of punishment other than imprisonment. Only if alternative measures are not adequate to meet the State's interests in

2

punishment and deterrence may the court imprison a probationer who has made sufficient bona fide efforts to pay. To do otherwise would deprive the probationer of his conditional freedom simply because, through no fault of his own, he cannot pay the fine. Such a deprivation would be contrary to the fundamental fairness required by the Fourteenth Amendment.

(Footnote omitted).

The trial judge asked the Defendant generally if he had an explanation for his violations. During his explanation of his violations, the Defendant stated:

When I got pulled over - - you know, I know they want me to pay all I owe, all the fees and all the cost of court and everything I owe - - but I was, you know - - I had started on my own with the music company I was working with for awhile. You know, I was getting to where I was before, when I got pulled over.

In our view, the court's inquiry was sufficient to meet the *Bearden* requirement that the judge "inquire into the reasons for the failure to pay."

As to whether the Defendant made sufficient bona fide efforts to acquire the resources to pay, we note the probation officer stated that the Defendant's company was not willing to pay unless they could be assured he was not going to be imprisoned. From this, we infer that the Defendant requested money from his company and the company was willing to pay if the Defendant's probation was not going to be revoked. Although somewhat tenuous, the record is sufficient to find he made "bona fide efforts legally to acquire the resources to pay."

## The State Presented Improper Evidence For The Court's Consideration In Deciding Whether To Revoke The Defendant's Probation

Counsel notes the court allowed the State to present reasons for revocation not listed on the rule to revoke in that it allowed presentation of the

3

Defendant's prior criminal record. Counsel contends the Defendant's convictions prior to being placed on probation were irrelevant to the revocation proceeding.

The Defendant is correct. The commission of the offenses was not listed on the motion to revoke probation. At the hearing, the prosecutor asked the probation officer if she had looked into the Defendant's criminal background to determine his criminal convictions. She confirmed that she did this and that she found he had a conviction in federal court in the State of Florida for counterfeiting. He was indicted on this charge on August 8, 1995, and had successfully completed his probationary term of three years. Next, she testified that he had a March 24, 1983 conviction for grand larceny in New York. As for the remaining offenses, Ms. Santiny testified, "marijuana - - five. I am not really sure what that means. Fifth offense - - in the Bronx, sentencing for five days. That as [sic] April 9th of '85, disorderly conduct." These offenses were irrelevant to the revocation proceeding in that they occurred prior to the Defendant being placed on probation. Although the judge did not specifically state that she considered the prior convictions in revoking probation, since this information was part of the State's testimony seeking revocation and the judge did not comment that the information was irrelevant, we assume she considered the information. This was improper.

### The District Court Improperly Denied Defendant Counsel At His Revocation Proceeding

Counsel contends the district court made no effort to determine whether counsel should have been appointed due to the complexity of the issues presented. He points out that the issues were primitively presented to the court in the post-revocation motions.

4

At the revocation proceeding held March 18, 2003, the Defendant was not represented by counsel. At the hearing, the Defendant's probation officer, Angela Santiny, testified that the Defendant had not reported to his probation officer since March 12, 2001. From December of 2000 to August of 2001, the Defendant's probation officer was Ann Denson. According to Ms. Santiny, Ms. Denson requested a warrant for the Defendant's arrest in August of 2001 when she could not locate him. Ms. Santiny testified the Defendant had left the state and was found in October; he told her he was living in Mississippi. Additionally, Ms. Santiny testified the Defendant was behind in his supervision fees in the amount of $720.00, had not had a substance abuse evaluation and had not paid his fine or court costs. Ms. Santiny was asked by the prosecutor if she had looked into the Defendant's criminal background to determine his criminal convictions. She testified that he had a conviction in Florida federal court as well as convictions in New York, all of which occurred before his conviction in the present case.

After the probation officer testified, the Defendant was called to testify by the court. He was questioned about and admitted to his noncompliance with all of the conditions with the exception of leaving the state. When asked for an explanation for the violations, he testified that he was being randomly drug tested in his job offshore and that his first probation officer told him he did not have to do the drug testing. As for the failure to report, he explained that his mother and uncle passed away and he was seeking counseling to deal with their deaths. Finally, the probation officer explained that the company the Defendant was working for was not willing to pay the costs and fines until they could be assured that he was not going to be revoked. The judge, in revoking probation, stated she felt the biggest problem was the failure to cooperate with the probation officer.

There is no general right to counsel at probation revocation proceedings. The supreme court, in *Gagnon v. Scarpelli*, 411 U.S. 778, 790, 93 S.Ct. 1756, 1764 (1973), stated:

> It is neither possible nor prudent to attempt to formulate a precise and detailed set of guidelines to be followed in determining when the providing of counsel is necessary to meet the applicable due process requirements. The facts and circumstances in preliminary and final hearings are susceptible of almost infinite variation, and a considerable discretion must be allowed the responsible agency in making the decision. Presumptively, it may be said that counsel should be provided in cases where, after being informed of his right to request counsel, the probationer or parolee makes such a request, based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present. In passing on a request for the appointment of counsel, the responsible agency also should consider, especially in doubtful cases, whether the probationer appears to be capable of speaking effectively for himself. In every case in which a request for counsel at a preliminary or final hearing is refused, the grounds for refusal should be stated succinctly in the record.

In *Baggert v. State,* 350 So.2d 652 (La.1977), the defendant was advised that he could have an attorney present at his parole hearing at his expense. At the proceeding, the defendant denied the charge of criminal conduct brought against him. The supreme court stated, "fundamental fairness requires that counsel be provided for the indigent parolee in cases where he might be expected to encounter difficulty in presenting his version of a disputed set of facts."[1] *Id.* at 655. Employing the

---

[1]The court in *Baggert* noted the Court in *Gagnon v. Scarpelli* perceived no difference between the guarantee of due process in probation revocation proceedings and parole revocation proceedings.

guidelines set forth in *Gagnon v. Scarpelli,* the supreme court found that relator, who denied the charged criminal conduct, had a right to appointed counsel upon request.

Citing *Gagnon v. Scarpelli,* the second circuit in *State v. Edwards,* 440 So.2d 845 (La.App. 2 Cir. 1983), set forth the factors it considers in this situation:

> The defendant in a probation revocation proceeding is not always entitled to counsel. His right to counsel exists only when due process requires that he be represented. Due process requires he be represented when the complexities of the issues involved in the revocation proceeding mandate assistance of counsel to assure fundamental fairness at the revocation hearing. When due process requires counsel the defendant must be advised of his right to counsel, and in the event he then requests an attorney, one must be appointed to represent him at the revocation hearing.

*Id.* at 847.

*Gagnon* seems to require that a defendant be informed he has a right to request counsel. However, in determining that a defendant has a *right to have counsel appointed*, the aforementioned cases seem to mandate a showing that fundamental fairness will not be assured if counsel is not appointed. The cases seem to imply that fundamental fairness will not be afforded the defendant if he does not have appointed counsel and he either denies the probation violations, or the reasons for his violation are too complex for him to present by himself.

In *State v. Lavergne*, 97-752 (La.App. 3 Cir. 6/3/98), 716 So.2d 92, this court stated that whether counsel should be present at a revocation hearing is a case-by-case determination depending on if "there will be complex or disputed facts at issue that would be difficult for an untrained layman to develop or present." *Id.* at 95-96.

In this case, it is possible that if counsel had represented the Defendant at the hearing, he or she would have objected to the admission of the irrelevant

criminal history presented by the State and perhaps called the original probation officer as a witness to testify whether she told the Defendant he did not have to submit to drug testing because he was doing so in conjunction with his employment. Had these issues been more fully explored, the court may have considered a less onerous sanction. Thus, we choose to remand this case for another revocation hearing at which the Defendant would be given the opportunity to be represented by counsel.

### The District Court Did Not Adequately Consider Alternative Sanctions Prior To Revoking The Defendant's Probation

Essentially, the uncontested violations admitted by the Defendant were the failure to report for approximately two years, not permitting the officer to visit the Defendant's home and not remaining within the jurisdiction of the court.[2] Although we have previously found that the trial court adequately inquired into the reasons for the failure to pay and the Defendant did make sufficient bona fide efforts to acquire the resources to pay, this violation may also be considered in assessing whether revocation was proper.

In *State v. Sussmann*, 374 So.2d 1256, 1259 (La.1979), the supreme court stated:

> Furthermore, not every probation violation is serious enough to warrant the drastic sanction of revocation. C.Cr.P. 900 vests the trial judge with wide discretion when a condition of probation is violated, because the legislature recognized the necessity of judicial discretion in dealing with probation violations, which can be either minor or serious. With C.Cr.P. 900 the legislature intended the punishment for probation violations to be tailored to the facts of the case, the seriousness of the misdeed, and the

---

[2]These violations were listed in the motion to revoke. At the hearing, the prosecutor did not question the probation officer separately as to each one. The probation officer testified the defendant had not reported since March 12, 2001 and that his first probation officer had a warrant issued because she could not find him in August of 2001. Additionally, the probation officer testified the defendant had "absconded . . . left the state."

needs of the probationer. *State ex rel. Robertson v. Maggio*, 341 So.2d 366 (La.1976).

In *State v. Rexford*, 95-152, p. 2 (La.App. 5 Cir. 6/28/95), 658 So.2d 27, 29, the court stated:

> The trial court has wide discretion in revoking defendant's probation and we will not reverse the trial court's decision absent an abuse of that discretion. See La.C.Cr.P. art. 900; *State ex rel. Robertson v. Maggio*, 341 So.2d 366 (La.1976); *State v. Clark*, 600 So.2d 785 (La.App. 5 Cir.1992).

These omissions alone may be insufficient to warrant revocation. However, we remand this case for further proceedings where Defendant will be given the opportunity to be represented by counsel at these proceedings. The trial court will then have the opportunity to consider more fully and with all the guarantees of due process the entirety of the allegations against the Defendant.

## PRO SE CLAIMS

The Defendant contends his right against self-incrimination was violated by arresting officers and that his Fourth Amendment rights were violated by the seizure of his possessions in the absence of a search warrant. He additionally contends he received ineffective assistance of counsel, that his guilty plea was the product of threats, that there was insufficient evidence to convict him and that he was illegally detained for fifteen hours while officers secured a warrant. Furthermore, the Defendant claims he was not asked if he needed counsel for the revocation hearing and that his probation should not have been revoked on the basis of old misdemeanor convictions. Finally, the Defendant complains that the trial court failed to articulate a factual basis for his sentence, that his sentence is excessive and that appellate counsel has not filed a brief on his behalf.

9

The Defendant further claims that he did not intend to possess or sell marijuana and he was not the person who sold the officers the drugs. He claims that he was not advised for the reason for his arrest or detention, his right to remain silent or his right to counsel. Additionally, he contends his counsel was ineffective because his legal knowledge and preparation were minimal, he failed to appear at the hearings held prior to sentencing and that he did not contact witnesses or attempt to challenge the State's case. According to the Defendant, if counsel had asked for discovery he would have found the State made "some serious mistakes" regarding his arrest, detention and seizure of his property. He contends counsel compelled him into accepting probation.

Next, the Defendant claims the State's evidence was nonexistent, and thus insufficient to convict him beyond a reasonable doubt. He also contends that his probation was revoked on old charges for which he was not convicted. Moreover, the Defendant claims the judge failed to state a factual basis for his sentence and that the sentence imposed is excessive.

Finally, the Defendant contends there was no probable cause to search his apartment without a search warrant, that he was not arraigned in a timely manner and that his statement was the product of an unlawful interview.

The Defendant's claims that his probation should not have been revoked on the basis of old misdemeanor convictions and that the assistance of counsel should have been offered to him were both addressed above. The Defendant's allegation regarding his appellate counsel's failure to file a brief is factually incorrect. This court received a brief from appellate counsel after the Defendant's pro se brief raising this claim was filed. To address the Defendant's claim that his guilty plea was the product of threats, we have reviewed the guilty plea transcript. At the guilty plea

proceeding, the Defendant indicated he was entering the plea agreement willingly and voluntarily and that no threats or promises other than the plea agreement had been made to him. This claim has no merit. Additionally, the Defendant cannot seek review of his sentence as it was imposed in conformity with his plea agreement set forth in the record at the time of the plea. See La.Code Crim.P. art. 881.2(A)(2). Finally, the alleged errors occurring prior to entry of the guilty plea, including sufficiency of the evidence and ineffective assistance of counsel, were non-jurisdictional defects waived by the entry of the plea. See *State v. Holder*, 99-1747 (La.App. 3 Cir. 10/11/00), 771 So.2d 780 and *State v. Myers*, 99-677 (La.App. 3 Cir. 12/8/99), 753 So.2d 898, *writ denied*, 00-053 (La. 6/23/00), 765 So.2d 1036. Accordingly, the Defendant's pro se claims lack merit.

## CONCLUSION

For the foregoing reasons, the Defendant's conviction and sentence are affirmed. We remand this case for an evidentiary hearing on the Motion and Order for Hearing to Revoke Probation. Defendant shall be given an opportunity to be represented by counsel at this hearing.

**CONVICTION AND SENTENCE AFFIRMED. CASE REMANDED FOR EVIDENTIARY HEARING ON MOTION AND ORDER TO REVOKE PROBATION.**

11