STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-852

STATE OF LOUISIANA

VERSUS

CEDRIC CHARLES WASHINGTON


**********

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, DOCKET NO. C 8665 A
HONORABLE ERIC ROGER HARRINGTON, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Oswald A. Decuir, Michael G. Sullivan, and James T. Genovese, Judges.


**AFFIRMED.**

**Peggy J. Sullivan**
**Louisiana Appellate Project**
**Post Office Box 2775**
**Monroe, Louisiana 71207-2775**
**(318) 387-6124**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    Cedric Charles Washington

**Van Kyzar**
**District Attorney - Tenth Judicial District**
**ADA R. Stuart Wright**
**Post Office Box 838**
**Natchitoches, Louisiana 71458-0838**
**(318) 357-2214**
**COUNSEL FOR APPELLEE:**
    State of Louisiana

**GENOVESE, Judge.**

In this criminal case, pursuant to plea agreement, the Defendant pled guilty to possession of cocaine with intent to distribute, which included a ten-year sentencing cap. The trial court sentenced the Defendant to ten years at hard labor. The Defendant appeals his sentence alleging excessive sentence. For the following reasons, we affirm Defendant's sentence.

## FACTS AND PROCEDURAL HISTORY

On or about September 3, 2004, the Defendant, Cedric Charles Washington, was charged by bill of information with the following offenses: count 1, possession of a CDS Schedule II, namely cocaine, with intent to distribute, in violation of La.R.S. 40:967(A); and count 2, obstruction of justice, attempt to destroy evidence, in violation of La.R.S. 40:130.1. Thereafter, on May 16, 2006, the Defendant entered into a plea agreement which included a ten-year cap as his maximum sentence. On March 2, 2007, the trial court sentenced the Defendant to ten years at hard labor.

At his sentencing on March 2, 2007, the Defendant orally motioned for an appeal. In his appeal to this court, the Defendant cites the following assignment of error: "The sentence of 10 years hard labor was excessive in light of the facts of the case."

## ANALYSIS

In his sole assignment of error, the Defendant claims that his sentence is excessive. However, La.Code Crim.P. art. 881.2(A)(2) states, "The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." It is uncontested that the Defendant entered into a plea agreement with the State. It is further uncontested that

1

the plea agreement included a ten-year sentencing cap. In the instant case, the Defendant was sentenced within the terms of his plea agreement; therefore, he is precluded from seeking a review of his sentence on appeal. La.Code Crim.P. art. 881.2(A)(2). *See also State v. Myles*, 04-264 (La.App. 3 Cir. 9/29/04), 882 So.2d 1254, where this court held that the defendant could not seek appellate review of a sentence imposed in conformity with a plea agreement set forth in the record at the time of the plea. Furthermore, a review of the record does not reveal any averments by the Defendant challenging the sufficiency of the plea agreement or terms under which it was executed.

The Defendant alleges that, as part of his plea agreement, it was agreed that he would be able to seek review of his sentence on appeal. Despite the Defendant's allegations, our review of the plea agreement, which the Defendant signed, reveals that there was no such reservation of the right to appeal for anything other than jurisdictional defects. Furthermore, the Defendant does not raise any jurisdictional challenges in his brief; therefore, there is no basis to review his sentence.

However, the sentencing transcript does reflect the fact that the trial judge made the following statement: "[y]ou are advised that you can appeal any or all of these proceedings. . . ." Although the trial court may have given the Defendant the idea or impression that he was entitled to appeal his sentence, he is in fact precluded from doing so under La.Code Crim.P. art. 881.2(A)(2). *See Myles*, 882 So.2d 1254. *See also State v. Senterfitt*, 00-415 (La.App. 3 Cir. 9/27/00), 771 So.2d 198, *writ denied*, 00-2980 (La. 9/28/01), 798 So.2d 107, where this court held that defendant failed to prove that the guilty plea that included a sentencing cap was not voluntary, even though defense counsel failed to inform the defendant that he would not be able

2

to appeal his sentence if he entered into a plea agreement.

Based on the foregoing reasons, the Defendant is precluded from seeking review of his sentence.

## CONCLUSION

The Defendant's sentence is affirmed.

**AFFIRMED.**