STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**09-1319**

STATE OF LOUISIANA

VERSUS

MICHAEL KEMPER PERCY

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. CR-639-08-3
HONORABLE STEVE GUNNELL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**OSWALD A. DECUIR
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, James T. Genovese, and Shannon J. Gremillion, Judges.

**AFFIRMED.**

**James E. Beal**
**Louisiana Appellate Project**
**P. O. Box 307**
**Jonesboro, LA 71251-0307**
**(318) 259-2391**
**Counsel for Defendant/Appellant:**
        **Michael Kemper Percy**

**Bennett R. LaPoint**
**Assistant District Attorney**
**P. O. Box 1388**
**Jennings, LA 70546**
**(337) 824-1893**
**Counsel for Appellee:**
        **State of Louisiana**

**DECUIR, Judge.**

The Defendant, Michael Kemper Percy, was charged by bill of information with armed robbery, in violation of La.R.S. 14:64, aggravated burglary, in violation of La.R.S. 14:60, and aggravated battery, in violation of La.R.S. 14:34. Pursuant to a plea agreement, the Defendant entered a plea of guilty to the lesser included offense of first degree robbery, in violation of La.R.S. 14:64.1. The parties agreed upon a sentencing cap of fifteen years, and the remaining charges were dismissed.

On September 14, 2009, the Defendant was sentenced to serve fifteen years at hard labor, without benefit of probation, parole, or suspension of sentence. An oral motion to reconsider sentence was made and denied. A written motion to reconsider sentence followed on September 15, 2009, and it was also denied. The Defendant is now before this court asserting one assignment of error. Therein, the Defendant contends his sentence is excessive.

The record contains the following recitation of facts by the prosecuting attorney at the time of the Defendant's plea:

> [O]n or about July 10th, Your Honor, here in the parish of Jefferson Davis near Elton, Louisiana, at the residence of Amanda and Roland Lacombe, the family was there with several small children as well as Mr. Lacombe's elderly mother. A truck drove up to that residence. Inside the truck were three (3) black males. . . . The three (3) black males got out and accosted Roland Lacombe. They held him down, and one of the defendants hit on him.
>
> At that time, his wife, Dr. Amanda Lacombe, came out to see what the commotion was. One of the defendants accosted her. The mother came out. One of the other defendants accosted her. It would be their testimony, Your Honor, that all three (3) defendants at one time or another brandished a weapon, a pistol, and threatened them. They demanded money or other items of value. Amanda Lacombe went into the purse in her vehicle and got out some credit cards and dollar bills. . . . The defendants demanded access to the house. One of the defendants kicked in the door to the home . . . went inside, got some more money out of a wallet that was located inside the house.

In his only assignment of error, the Defendant contends the trial court erred by imposing an excessive sentence for this offender and this offense.

In *State v. Roberts*, 08-1026, p. 11 (La.App. 3 Cir. 3/4/09), 4 So.3d 1011, 1019, this court discussed a defendant's right to seek review of a sentence imposed in accordance with a plea agreement:

> Louisiana Code of Criminal Procedure Article 881.2(A)(2) provides that a "defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." It is uncontested that Defendant entered into a plea agreement with the State that included a ten-year sentencing cap. Defendant was sentenced within the terms of his plea agreement. Therefore, he is precluded from seeking a review of his sentence on appeal. *See State v. Washington*, 07-852 (La.App. 3 Cir. 1/30/08), 977 So.2d 1060.

In the present case, the Defendant pled guilty to first degree robbery, which is punishable by imprisonment at hard labor for not less than three nor more than forty years, without benefit of probation, parole, or suspension of sentence. La.R.S. 14:64.1. As part of the plea agreement, the parties agreed to a sentencing cap of fifteen years. The Defendant was sentenced to fifteen years. Because the sentence imposed was within the agreed upon sentencing cap, the Defendant may not seek review of the sentence. Accordingly, this assignment of error will not be considered.

The Defendant has raised no other issues for review by this court. Consequently, and finding no error patent on the face of the record, we affirm the sentence imposed on the Defendant.

**AFFIRMED.**