Judge Edwin A. Lombard
_JjThe defendant, Skyla Jackson, appeals the revocation of her probation. Because there is no right of appeal from the revocation of probation, this appeal is converted to an application for supervisory writ. See State v. Manuel, 349 So.2d 882 (La. 1977). After review of the writ application in light of the applicable law and arguments of the parties, the district court judgment is affirmed.

Procedural History

On October 23, 2015, the defendant pleaded guilty to second degree battery, a violation of La. Rev. Stat. 14:34.1, and was sentenced to serve three years in the custody of the Louisiana Department of Corrections. The sentence was suspended and the defendant was placed on three years active probation. In the early morning hours of March 10, 2015, the defendant *1178 was arrested following a report of theft committed by two women at the victim’s hotel. The State filed a motion to revoke the defendant’s probation on March 14, 2016. After a hearing on May 11, 2016, the defendant’s probation was revoked. The defendant’s motion to reconsider sentence was denied on July 29, 2016. The pleading filed in this court on August 9, 2016, construed as a writ application, is timely.

laRelevant Facts Adduced at Revocation Hearing

The State presented Louisiana State Trooper Mike Mercante who testified that he participated in the defendant’s arrest on March 10, 2016, while on patrol in the French Quarter. Officer Mercante first encountered the victim arguing with Destiny Bernard, who was in possession of his (the victim’s) wristwatch. The victim reported meeting with Ms. Bernard and another woman (later identified as the defendant) and returning with the women to his hotel room. Ms. Bernard received a phone call, the two women left abruptly, and the victim discovered his cell phone and credit cards from his wallet were missing. Ms. Bernard produced the victim’s watch and identified the defendant as the other woman involved in the incident. Other officers quickly located the defendant in the area and the victim identified her. The officers recovered a second wristwatch from the defendant, this one belonging to the victim’s roommate who identified the property. In the police report, the watch recovered from Ms. Bernard was valued at $200, the watch recovered from the defendant was valued at $100 and the I-Phone, which was not recovered, was valued at $600.
The defendant testified that before her arrest, she accompanied Ms, Bernard and the victim to the hotel room. She claimed that the property later recovered from her person was given to her by the victim’s friend, “Dan.”[1] The defendant stated that she left the hotel room alone because she became uncomfortable when the victim and Ms. Bernard began to engage in sexual contact. She stated that she had earlier accompanied the victim, his friend, and Ms. Bernard as the three drank] 8 heavily at various locations that night (and into the morning) although she did not consume alcohol not because she was pregnant.
In its oral ruling revoking the defendant’s probation, the district court rejected the defense argument that the officers failed to sufficiently investigate and that the State lacked probable cause to arrest the defendant. The district court observed that the defendant herself testified that she approached the victim and his friend and accompanied them on “multiple trips to a bar, a cab, a convenience store and ultimately going back to do [sic] these gentlemen’s hotel room.” The district court specifically found that probable cause existed to arrest the defendant for felony theft based on the value of missing property. The transcript reflects that, at the conclusion of the revocation hearing, the district court stated it was revoking probation based on the evidence that the defendant committed a felony and that she was on probation for a crime of violence for which she had been sentenced just six months earlier.

Standard of Review

The district court is “entrusted with much discretion” in determining the appropriate sanction for a probation violation; its ruling is reviewed for an abuse of discretion. State v. Rideau, 376 So.2d 1251 (1979).

*1179
Applicable Law

Pursuant to La. Code Crim. Proc. art 895, the defendant is required to “refrain from criminal conduct” as a condition of probation. See State v. Dorest, 2001-0581 (La. 1/10/02), 805 So.2d 132, 132-33 (per curiam) (under the circumstances of this case, the district court was justified in finding that committing a misdemeanor offense violated the mandatory requirement of La. Code Crim. Proc. art. 895(A) to “refrain from criminal 14conduct” and, therefore, the district court decision to revoke the defendant’s probation was not an abuse its discretion).
The United States Supreme Court has discussed the due process right to cross-examination and confrontation at revocation hearings in only tow cases, neither of which explicitly detailed the contours of the right. See Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). In Morrissey, the Supreme Court considered a habeas petitioner whose parole was revoked without any hearing at all, outlining the requirements of a probable cause and final revocation hearing, including a qualified right to cross-examine and confront adverse witnesses, but did not expand upon or apply these rights. 408 U.S. at 488-89, 92 S.Ct. 2593. In Gagnon, decided less than a year later, the Supreme Court held only that the Morrissey framework applies in the probation as well as the parole context. 411 U.S. at 791, 93 S.Ct. 1756. The Supreme Court’s lack of further comment on the due process requirements of revocation hearings has, in essence, left that task to the state and lower federal courts. See Baggert v. State, 350 So.2d 652 (1972) (citing Morrissey as establishing the minimum requirement of due process in revocation hearings); see also State v. Akers, 2014-1315 (La.App. 4 Cir. 5/20/15), 2015 WL 2452415 (unpub’d) (rejecting the defendant’s claim that district court erroneously allowed the State to establish violation of condition of-probation almost entirely on hearsay evidence because the .record established (1) the defendant admitted his behavior violated conditions of probation; and (2) defense counsel was permitted to cross-examine testifying officer, at revocation hearing).
| fDiscussion
The defendant seeks review of the district court decision, arguing that revocation was inappropriate because she was not convicted of the theft charge and the evidence introduced at the revocation hearing was insufficient to support the district court judgment because the only evidence introduced at the hearing was hearsay testimony provided by a police officer whose version of events had been provided by an unsworn witness who admitted having consumed alcohol.
The defendant is correct in noting that the State’s case rested largely on hearsay provided by the arresting officer concerning the allegations of the victim. However, the hearsay evidence was sufficiently corroborated by both the officer’s own observations and the defendant’s admissions concerning recovery of some portion of the missing property. In .fact, the defendant herself confirmed the victim’s hearsay account in almost all respects except she provided an innocent explanation to justify her possession of the (allegedly) stolen property. Therefore, based on the evidence presented at the revocation hearing, the district court did not abuse its discretion in finding that the defendant violated the requisite condition of her probation to refrain from criminal conduct.
Further, the defendant’s reliance on this court’s decision in State v. Dorest, to argue that a misdemeanor charge is an insufficient based for probation revocation is misplaced. The Louisiana Supreme Court *1180 reversed that decision, finding that a misdemeanor charge violated the requirement that a defendant “refrain from criminal conduct” as a condition of probation. State v. Dorest, 99-2902 (La.App. 4 Cir. 1/31/01), 778 So.2d 1239, 2001-0581, reversed (La. 1/10/02), 805 So.2d 132, 132-33 {per curiam). Moreover, in this case, the district court |Rexpressly determined in its ruling that the evidence established the defendant had committed a felony. The State’s decision to not pursue charges after the defendant’s probation was revoked does not undermine the sufficiency of the evidence presented at the hearing in support of her probation violation.
Finally, the defendant asserts that the district court erred in not considering any mitigating circumstances, ignoring her probation officer’s recommendations, and failing to include such considerations in its oral reasons for revocation. However, the transcript reflects that at the conclusion of the revocation hearing, the district court stated it was revoking probation based on evidence that the defendant committed a felony while on probation for a crime of violence for which she had been sentenced just six months earlier. Thus, the district court stated an adequate basis on the record for its decision to revoke the defendant’s probation. See State v. Harris, 368 So.2d 1066, 1073 (La. 1979) (under prior law requiring written reasons for ruling revoking probation, oral “statement of reasons by the trial judge ... adequately afford[ed] us a basis to review his contention” and demonstrated “substantial compliance” with law). As to the defendant’s complaint that the district court failed to consider the probation officer’s recommendation, the record before this court does not reflect that the defendant made any effort to call the probation officer as a witness at the hearing or to introduce any documentary evidence prepared by the probation officer on her behalf.

\ ^Conclusion

For the reasons stated above, the defendant’s appeal is converted to a writ application. After review of the writ application, we do not find that the district court abused its discretion in revoking the defendant’s probation. Accordingly, relief is denied to the defendant and the district court judgment is affirmed.
APPEAL CONVERTED TO WRIT; WRIT GRANTED; RELIEF DENIED JUDGMENT AFFIRMED.

, The defendant described the circumstances in which she acquired the property as follows:
He let me wear it. We were talking about jewelry and I showed him my gold bracelet and he showed me his black watch and I asked him, "Can I wear it,” and he said "Sure,” and he gave it to me.