CIACCIO, Judge.
Defendant, Leonard Washington, pleaded guilty to the crime of manslaughter, a violation of La.R.S. 14:31, and was given the maximum sentence of twenty-one years at hard labor. He appeals raising two assignments of error: imposition of an unconstitutionally excessive sentence and failure to comply with the sentencing guidelines of La.C.Cr.P. art. 894.1. We find that the trial court failed to comply with these guidelines, and the sentence imposed may be construed to be excessive. We therefore vacate the sentence and remand for resentencing.
The initial issue is whether or not on appeal we may review defendant’s sentence which was imposed following a guilty plea. As a general rule, where a specific sentence has been agreed to as a consequence of a plea bargain, that sentence cannot be appealed as excessive and there is no need for the trial judge to give reasons for the sentence as required by Article 894.1. State v. Bell, 412 So.2d 1335, 1336 (La.1982). In support of his contention on ap *369 peal that the sentence is excessive, defendant argues that the length of the sentence was not made part of the plea agreement. Defendant specifically argues that he did not agree to receiving the maximum sentence during the plea bargaining.
The sentencing transcript reveals the following colloquy by the trial judge.
By the Court:
The State of Louisiana has obliged themselves to reduce this matter from a second degree murder to a manslaughter case and I have told your attorney that I would impose the maximum sentence which is going to be twenty-one years in the Department of Corrections with credit for time served.
Do you understand that?
By Mr. Washington:
Yes.
After the trial court imposed the maximum sentence, defense counsel noted an objection on the record. That portion of the transcript reads as follows:
By Counsel:
For the record, I would note an objection to the excessive nature of the sentence.
During this same colloquy, the trial court also informed defendant that he had given up his right to appeal by entering a guilty plea. Nevertheless, the record shows that the trial judge subsequently signed defendant’s Motion for Appeal of Sentence Only. Although this action of the trial judge was procedurally incorrect as there is no procedural rule that provides for a right to appeal a sentence imposed under a guilty plea, it appears under the circumstances that defendant and his counsel did not have a total understanding as to the sentencing terms of the plea bargain agreement. Based on the fact that defense counsel entered an objection and an appeal order was signed by the trial court, defense counsel and the trial judge apparently believed that the sentence could be appealed. Under these unusual circumstances, and in the interest of justice, although defendant was sentenced as a result of a guilty plea, we will review the sentence for excessiveness.
At the sentencing, the trial court focused only on the seriousness of the offense, that a person’s life was taken. The court also noted in the imposition of the maximum sentence that the charge had been reduced from a second degree murder case to a manslaughter case. No other factors contained in the 894.1 sentencing guidelines were mentioned.
In order to insure adequate review by the appellate court, there must be an indication that the trial court considered the guidelines set forth in La.C.Cr.P. art. 894.1 in determining defendant’s sentence. State v. Davis, 449 So.2d 452 (La.1984). The sentencing judge need not articulate every factor mentioned in 894.1, but the record must show he adequately considered the guidelines. State v. Johnson, 443 So.2d 744 (La.App. 4th Cir.1983).
Important elements which should be considered include defendant’s personal history, prior record, seriousness of the instant offense, and likelihood of recidivism, or rehabilitation. State v. Soco, 441 So.2d 719 (La.1983), appeal after remand, 508 So.2d 915 (La.App. 4th Cir.1987).
In the present case, the trial court in sentencing defendant did not mention any of the guidelines contained in Article 894.1. Further, there was no presentence investigative report in the present case which would indicate any prior criminal history, employment or family history or the circumstances of the instant offense. Further, there is evidence in the record that defendant had problems with mental instability. Immediately following his arraignment, defendant was adjudged to be incompetent to proceed to trial and was committed to Feliciana Forensic Facility. After almost four years of medical treatment, he was certified competent, returned for trial, and entered this guilty plea. The record does not reflect whether these factors were considered by the trial judge in passing sentence. Accordingly, we must conclude that the trial court failed to comply with Article 894.1 in sentencing defendant.
Failure to comply with Article 894.1 does not automatically render a sentence invalid. State v. Davis, supra. As long as the *370 record clearly reflects an adequate basis for the sentence imposed, remand is unnecessary. State v. Lanclos, 419 So.2d 475 (La.1982).
A sentence is unconstitutionally excessive, in violation of Article I, section 20 of the Louisiana Constitution of 1974, if it is grossly disproportionate to the severity of the offense or nothing more than a needless infliction of pain and suffering. State v. Brogdon, 457 So.2d 616, 625 (La.1984), cert. den., Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862, reh. den., 473 U.S. 921, 105 S.Ct. 3547, 87 L.Ed.2d 670 (1985). Even a sentence within statutorily authorized limits can be excessive. State v. Sepulvado, 367 So.2d 762 (La.1979). Maximum sentences are reserved for the worst offenders. State v. Quebedeaux, 424 So.2d 1009 (La.1982), appeal after remand, 446 So.2d 1210 (La.1984).
Based upon the incomplete record before us, we are unable to determine if the sentence imposed on this particular defendant for this particular offense is excessive or proper. The absence of an enumeration of the court’s reasons for the imposition of the maximum sentence precludes us from adequately reviewing defendant’s sentence. Accordingly, we vacate the sentence imposed and remand for resentencing in compliance with C.Cr.P. Art. 894.1.
SENTENCE VACATED; CASE REMANDED FOR RESENTENCING.