962 So.2d 1214 (2007)
STATE of Louisiana, Appellee
v.
Monjeral Dewayne FOSTER, Appellant.
No. 42,212-KA.
Court of Appeal of Louisiana, Second Circuit.
August 15, 2007.
*1215 Mary Constance Haynes, Louisiana Appellate Project, Robert S. Noel, II, Monroe, for Appellant.
Robert W. Levy, District Attorney, A. Shawn Alford, Assistant District Attorney, for Appellee.
Before BROWN, WILLIAMS, STEWART, GASKINS, CARAWAY, PEATROSS, DREW, MOORE and LOLLEY, JJ.
GASKINS, J., for the Court En Banc.
The defendant, Monjeral Dewayne Foster, appeals his sentence to 30 years at hard labor without benefit of parole, probation, or suspension of sentence, following his plea of guilty to armed robbery. The defendant claims this court should review his sentence even though it fell within a sentencing cap which was part of his plea bargain agreement. He claims that the sentence is excessive. For the following reasons, we affirm the defendant's conviction and sentence.

FACTS
On January 22, 2003, the defendant and two other men went to the home of the victim, Freddizzio Ferguson.[1] Mr. Ferguson *1216 was asleep at home with his girlfriend and his children. The defendant and his accomplices held the woman and children at gunpoint while they beat and robbed Mr. Ferguson of some money. Mr. Ferguson indicated that he could obtain more money and drugs at another location. The defendant and one accomplice took Mr. Ferguson from the residence. The other accomplice stayed behind and held the woman and children at gunpoint. A struggle ensued in the vehicle and Mr. Ferguson was killed. His body was left in the parking lot of a restaurant. The defendant and his accomplice returned to the victim's residence, picked up the third man, and left the scene.
Law enforcement officials subsequently identified the defendant and his accomplices as being involved in the robbery, kidnapping, and murder of Mr. Ferguson. On March 24, 2003, the defendant was charged by grand jury indictment with the first degree murder of Mr. Ferguson.
On April 6, 2005, the defendant appeared in court. The prosecution stated that a plea bargain agreement had been offered whereby the defendant would be allowed to plead guilty to armed robbery with a 30-year sentencing cap. In exchange for the plea, the defendant was expected to cooperate with the prosecution and testify against one of his accomplices. The defendant agreed and entered a plea of guilty to armed robbery in accordance with the terms of the plea agreement. He later testified against his accomplice.
On July 15, 2005, the defendant filed a pro se motion to withdraw his guilty plea, claiming that he wanted to dismiss his court-appointed attorneys, and had he been allowed to do so, he would not have entered a guilty plea to armed robbery. The motion was denied the same day.
The defendant appeared before the court for sentencing on September 9, 2006. The trial court reviewed a presentence investigation report and heard statements made in court by the victim's mother and by the defendant. The court sentenced the defendant to serve the maximum sentence available under the plea bargain agreement, 30 years at hard labor, without benefit of parole, probation, or suspension of sentence.
In October 2006, the defendant filed a motion to appeal his sentence and a motion to reconsider the sentence. The defendant argues that it is within the interest of justice for this court to review the sentence even though it falls within the sentencing cap. He also argues that the 30-year sentence is excessive because the trial court failed to give proper consideration to the fact that the defendant cooperated with the state by giving valuable testimony in a murder trial.

REVIEW OF SENTENCE
The defendant argues that he should be allowed to appeal his sentence even though he entered a guilty plea with a sentencing cap and his sentence was imposed in conformity with the cap. He claims that his case is an exception to the rule that sentences imposed pursuant to caps set forth in plea agreements are not appealable because, during the plea colloquy, the trial court informed him that, by pleading guilty, he was waiving his right of appeal "except as to the amount of the sentence." This argument has merit.
The constitutional right to review of sentences is embodied in La. Constitution art. 1, § 19 which states:
No person shall be subjected to imprisonment or forfeiture of rights or property without the right of judicial review based upon a complete record of all evidence upon which the judgment is based. This right may be intelligently waived. The cost of transcribing the record shall be paid as provided by law.
*1217 La. C. Cr. P. art. 881.2(A)(2) provides:
The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.
This provision applies both to agreed-upon sentences and to agreed ceilings, ranges, and caps. State v. Young, 96-0195 (La.10/15/96), 680 So.2d 1171; State v. Burford, 39,801 (La.App. 2d Cir.6/29/05), 907 So.2d 873; State v. Rice, 26,478 (La. App. 2d Cir.12/7/94), 648 So.2d 426, writ denied, 95-0431 (La.6/16/95), 655 So.2d 340.
In State v. Washington, 557 So.2d 368 (La.App. 4th Cir.1990), writ denied, 561 So.2d 114 (La.1990), a defendant entered a guilty plea to manslaughter and was sentenced to the maximum period of incarceration. At the guilty plea colloquy, the trial court informed the defendant that it would impose the maximum sentence. Defense counsel orally objected to the sentence as excessive and the trial court signed the defendant's motion for appeal of the sentence. The fourth circuit noted that the defendant did not have a right to appeal a sentence under a guilty plea; however, both defense counsel and the trial court apparently thought that the sentence could be appealed. The fourth circuit held that under those circumstances, the sentence would be reviewed.
In State v. Rice, supra, a defendant pled guilty with a sentencing cap. After sentencing within the limits of the cap, the trial court stated that there was an explicit understanding that the defendant would be allowed to appeal any sentence imposed. Contrary to the holding in State v. Washington, supra, this court recognized that such an agreement was contrary to the provisions of La. C. Cr. P. art. 881.2, vacated the plea and sentence, and remanded to the trial court for further proceedings. Two members of this court dissented from that opinion, opining that the state constitution grants a right to a criminal defendant to have his sentence reviewed for excessiveness and that right cannot be supplanted by a legislative act such as La. C. Cr. P. art. 881.2. Further, the dissent reasoned that La. C. Cr. P. art. 881.2 applies to a specific sentence, but not one with a sentencing cap. See and compare concurrences in State v. Bailey, 40,098 (La.App. 2d Cir.10/26/05), 914 So.2d 116, writ denied, XXXX-XXXX (La.9/22/06), 937 So.2d 377, and State v. Oliver, 32,226 (La.App. 2d Cir.6/16/99), 741 So.2d 181.
The reasoning by the majority in State v. Rice, supra, was rejected by the third circuit in State v. Planco, 96-812 (La.App. 3d Cir.3/26/97), 692 So.2d 666, and the first circuit in State v. Shipp, 1998-2670 (La. App. 1st Cir.9/24/99), 754 So.2d 1068. Those circuits concluded that where the right to appeal a sentence is specifically reserved as part of the plea agreement, La. C. Cr. P. art. 881.2 does not serve as a bar to appellate review of the sentence.
In this case, during the guilty plea colloquy, the trial court fully apprised the defendant that by pleading guilty, he would be waiving his right to trial by jury, his right of confrontation, and his right against compulsory self-incrimination. The court then explicitly made sure that the defendant understood that a sentencing cap would be applicable in this case:
Q. Are you willing to accept the plea offer as offered to you? In other words, do you think that being allowed to plead guilty to armed robbery with a cap of 30 years at hard labor, under the obligation that you cooperate with law enforcement in the prosecution of your co-defendants is a good, reasonable way to terminate this case in your favor?

*1218 A. Yes.
Q. And in fact do you think that this is a plea bargain that you should accept?
A. Yes.
. . . .
Q. All right. And I'll be able to sentence you to anything I want to sentence you to?
A. No.
Q. No? Well, what is the deal then?
A. Ten to thirty years with a cap.
Q. All right. And are you obligated to do anything else?
A. Will I be doing anything else?
Q. Are you promising to do anything. . . .
A. Yes.
Q. What is that?
A. Testify against my co-defendant.
Q. And testify truthfully?
A. Truthfully.
Q. Okay. And are you willing to do that?
A. Yes.
Q. And you're willing to accept that as a condition of this plea agreement?
A. Yes.
Q. All right. You understand under the plea agreement that you may very well get a 30 year hard labor sentence?
A. Yes.
Q. And you're willing to accept this plea even though you know that's a possibility?
A. Yes.
With respect to the right of appeal, the following colloquy is particularly important:
Q. You have the right of appeal or judicial review of a verdict of guilty. Do you understand that you give this up by pleading guilty except as to the amount of the sentence?
A. Yes.
Q. Do you give up this right also?
A. Yes.
Considering the statement of the trial court concerning the defendant's waiver of the right to appeal "except as to the amount of the sentence," the defendant did not contemplate that by pleading guilty he waived his right to appeal his sentence for excessiveness. We overrule State v. Rice, supra, finding that the defendant has a constitutional right of review under La. Const. Art. 1, § 19, which has not been "intelligently waived."[2] We will therefore, review the sentence for excessiveness.

EXCESSIVE SENTENCE
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App. 2d Cir.2/28/07), 953 So.2d 890. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. *1219 State v. Jones, 398 So.2d 1049 (La. 1981); State v. Haley, 38,258 (La.App. 2d Cir.4/22/04), 873 So.2d 747, writ denied, 2004-2606 (La.6/24/05), 904 So.2d 728.
There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App. 2d Cir.3/1/00), 754 So.2d 392, writ denied, XXXX-XXXX (La.2/2/01), 783 So.2d 385.
Second, a sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, XXXX-XXXX (La.1/15/02), 805 So.2d 166; State v. Robinson, 40,983 (La.App. 2d Cir.1/24/07), 948 So.2d 379.
At the beginning of the sentencing hearing, the victim's mother testified concerning the harm done to the family as a result of the defendant's crime. The defendant made a statement seeking mercy from the court and making an apology to the victim's family. The defendant's counsel noted for the record that the defendant participated in the trial of the person who shot the victim and that his testimony helped lead to a conviction for second degree murder. The district attorney confirmed the defendant's cooperation.
After reviewing the facts of the case, the court noted that the defendant had an extensive criminal history and found that the present offense was the defendant's fourth felony. His adult history included an arrest in March 1996 for possession of a weapon during the sale of a controlled dangerous substance (CDS), distribution of counterfeit CDS, and possession of a Schedule I CDS. In May 1997, he was arrested for possession of stolen things, and he pled guilty in November 1997 to unauthorized use of a movable. He was arrested in September 1998 for simple burglary, and upon conviction was ordered to serve eight years at hard labor. He was released in September 2002 on good time, but that was revoked after he was arrested on the instant offense.
His criminal history also included an arrest in January 1996 for simple battery. He also was arrested in June 1998 for resisting, interfering, and/or obstructing an officer and for simple battery.
The trial court next discussed the defendant's personal history, noting that he was not married and had no children. The trial court then reviewed the plea bargain agreement, stating that the defendant had already received some leniency. The court considered the sentencing factors listed in La. C. Cr. P. art. 894.1, and determined that there was an undue risk that the defendant would commit another crime, that he was in need of correctional treatment in a custodial environment, and that a lesser sentence would deprecate the seriousness of the crime. According to the court, the defendant's conduct during the commission of the offense manifested deliberate cruelty to the victims, the decedent's children "had no way to resist and were particularly vulnerable," and the defendant knowingly created a risk of death or great bodily harm to more than one person. The court noted that the defendant was a co-conspirator who could have been prosecuted for either first or second degree murder even though he didn't fire the fatal shots. The court stated that on the night in question the defendant "facilitated multiple different offenses, all of which would be felonies, not to mention *1220 innumerable misdemeanors." The court also pointed out that this offense caused significant personal injury and economic loss to the victim and his family.
Finally, after again noting that the defendant received some leniency in the plea bargain agreement and that the defendant upheld his part of the plea bargain agreement, the court sentenced Foster to serve 30 years at hard labor without benefits.
The defendant's sentence is not excessive. The maximum sentence for armed robbery under La. R.S. 14:64 is 99 years at hard labor without benefit of parole, probation, or suspension of sentence. In this case, as part of his plea agreement, the defendant's sentence was limited to a cap of 30 years at hard labor without benefit of parole, probation, or suspension of sentence. Even though the defendant received the maximum sentence possible under his plea agreement, he obtained a significant reduction in potential exposure from the originally charged crime of first degree murder. Far more than an armed robbery, this is a case in which the defendant was a principal to both kidnapping and murder. Further, as part of the plea agreement, the state did not charge the defendant as a fourth felony offender.
We also note that the transcript clearly shows that the defendant knew that he could be sentenced to a maximum 30-year sentence under the plea agreement. Under the facts of this case, the sentence was tailored to the offender and the offense and does not shock the sense of justice.

CONCLUSION
For the reasons stated above, we affirm the conviction and sentence of the defendant, Monjeral Dewayne Foster.
AFFIRMED.
NOTES
[1] The victim's name is spelled "Freddizzio" in the indictment and "Verdessio" at various points in the transcript. In this matter, we choose to use the spelling in the indictment.
[2] This opinion was approved by the court en banc in accord with an internal court rule dealing with overruling prior opinions of this court.