WILLIAMS, J.
 

 | Jfhe defendant, Leonard Vance, Jr., was charged by bill of information with two counts of aggravated second degree battery, in violation of LSA-R.S. 14:34.7. In accordance with a plea bargain, he pled guilty to one count of aggravated battery, a violation of LSA-R.S. 14:34. The defendant was sentenced to serve seven years in prison at hard labor. For the reasons that follow, we affirm the defendant’s conviction and sentence.
 

 FACTS
 

 The facts of this matter are not in dispute. On January 3, 2009, the defendant and his brother, Aaron Vance, attacked Luther Burrell and Shawn Smith with a wooden club. The attack occurred at the home of Aaron Vance. Both victims suffered serious injuries, and at least one of the victims was rendered unconscious.
 
 [1]
 
 The defendant and Aaron Vance were arrested at the scene.
 

 The defendant was charged with two counts of aggravated second degree battery. He pled guilty to one count of aggravated battery in exchange for a recommendation of a seven-year prison sentencing cap. On September 1, 2009, the defendant was sentenced to serve seven years in prison at hard labor. The trial court denied his motion to reconsider sentence. The defendant appeals.
 

 DISCUSSION
 

 The defendant contends the sentence imposed was excessive. He argues that he would have received a lesser sentence had he been allowed to | .¿deny or explain the allegations against him.
 

 A defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. LSA-C.Cr.P. art. 881.2(A)(2). Where a specific sentence or a sentencing cap has been agreed upon as a consequence of a plea bargain, a sentence imposed within the agreed range cannot be appealed as excessive, and there is no need for the trial judge to give reasons for the sentence as normally required by LSA-C.Cr.P. art. 894.1;
 
 State v. Young,
 
 96-0195 (La.10/15/96), 680 So.2d 1171;
 
 State v. Foster,
 
 42,212 (La.App.2d Cir.8/15/07), 962 So.2d 1214.
 

 The maximum sentence for aggravated battery is a fine in the amount of $5,000, ten years in prison, with or without hard labor, or both. LSA-R.S. 14:34. In the instant case, the record reveals that the defendant and the state entered into an agreement which provided that the maximum sentence would be imprisonment for not more than seven years. The terms of
 
 *1155
 
 the plea agreement were set forth in the record at the time the defendant’s guilty plea was entered. The defendant was properly advised of his constitutional rights and of the minimum and maximum sentences that could be imposed for the charged offense. The defendant expressed his understanding of the agreement and voluntarily entered his guilty plea in accordance with that agreement. The trial court sentenced the defendant to serve seven years in prison at hard labor, pursuant to the plea agreement. Therefore, the defendant is not entitled to appeal the sentence.
 

 However, this court has allowed a defendant’s sentence to be | .reviewed in cases in which the defendant is informed of the right to appeal by the trial judge during the plea colloquy, even though there was an agreed upon sentence or sentencing cap. This court reasoned that to do otherwise might raise the issue of whether the advisement of the right to appeal had any effect on the voluntariness of the plea. See,
 
 State v. Scott,
 
 44,509 (La.App.2d Cir.8/19/09), 17 So.3d 1058;
 
 State v. Fizer,
 
 43,271 (La.App.2d Cir.6/4/08), 986 So.2d 243;
 
 State v. Foster, supra.
 

 In the instant case, during the guilty plea colloquy, the trial court specifically informed the defendant that he had a right to an appeal. Because the court mentioned the right to appeal during the plea colloquy, the possibility exists that the mention of an appeal may have influenced the defendant’s guilty plea. Therefore, out of an abundance of caution, we will review the defendant’s excessive sentence claim.
 

 The record herein shows that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article.
 
 State v. Smith,
 
 433 So.2d 688 (La.1983);
 
 State v. Lathan,
 
 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890,
 
 writ denied,
 
 2007-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of LSA-C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with LSA-C.Cr.P. art. 894.1.
 
 State v. Lanclos,
 
 419 So.2d 475 (La.1982);
 
 State v. Swayzer,
 
 43,350 (La.App.2d Cir.8/13/08), 989 So.2d 267. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation.
 
 State v. Jones,
 
 398 So.2d 1049 (La.1981);
 
 State v. Ates,
 
 43,327 (La.App.2d Cir.8/13/08), 989 So.2d 259. There is no requirement that specific matters be given any particular weight at sentencing.
 
 State v. Shumaker,
 
 41,547 (La.App.2d Cir.12/13/06), 945 So.2d 277,
 
 writ denied,
 
 2007-0144 (La.9/28/07), 964 So.2d 351.
 

 Second, a sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering.
 
 State v. Smith,
 
 2001-2574 (La.1/14/03), 839 So.2d 1;
 
 State v. Dorthey,
 
 623 So.2d 1276 (La.1993);
 
 State v. Bonanno,
 
 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice.
 
 State v. Weaver,
 
 2001-0467 (La.1/15/02), 805 So.2d 166;
 
 State v. Lobato,
 
 603 So.2d 739 (La.1992);
 
 State v. Robinson,
 
 40,983 (La.App.2d Cir.1/24/07), 948 So.2d 379;
 
 State
 
 
 *1156
 

 v. Bradford,
 
 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
 

 The trial judge is given a wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest, abuse of his discretion.
 
 State v. Williams,
 
 2003-3514 (La.12/13/04), 893 So.2d 7;
 
 State v. Thompson,
 
 2002-0333 (La.4/9/03), 842 So.2d 330;
 
 State v. Hardy,
 
 39,233 (La.App.2d Cir.1/26/05), 892 So.2d 710. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion.
 
 State v. Cook,
 
 95-2784 (La.5/31/96), 674 So.2d 957, cert.
 
 denied,
 
 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).
 

 During the sentencing hearing, the trial court herein reviewed the presentence investigation (“PSI”) report and noted the defendant’s social, educational and employment history. The court stated that the defendant was 43 years old at the time of the hearing, and he had four children from two previous marriages. The court then reviewed the defendant’s criminal history and noted that the defendant had previous convictions for theft, theft by receiving (illegal possession of stolen things) and burglary. The court also noted that the defendant had prior arrests for assault and domestic violence assault, but the charges had been dismissed.
 

 Based on our review of the entire record, we find that the sentence imposed was not excessive. The defendant was originally charged with two counts of aggravated second degree battery, each count of which carries a maximum sentence of a fíne of $10,000 or 15 years in prison, with or without hard labor, or both. The defendant accepted a plea bargain and pled guilty to a lesser offense, aggravated battery, which exposed him to a sentence of not more than 10 years in prison, with or without hard labor. Despite the heinousness of the crime — two people were severely beaten with a wooden club — the trial court granted leniency to this defendant by | (¡accepting the recommended sentencing cap agreed to by the state and the defendant. We find that the sentence was neither disproportionate to the offense of conviction, nor shocking to the sense of justice. Thus, the sentence imposed is not constitutionally excessive. This argument lacks merit.
 

 The defendant also contends the denial of his motion to reconsider sentence, without a hearing, constitutes prejudicial error. The defendant concedes that he has no absolute right to a hearing; nevertheless, he argues that he should have been allowed to present evidence to show that his involvement in the crime was not as extensive as his brother’s involvement. The defendant also argues that he should have been allowed to rebut the trial court’s inaccurate statements regarding his criminal history.
 

 LSA-C.Cr.P. art. 881.1(D) provides:
 

 The trial court may deny a motion to reconsider sentence without a hearing, but may not grant a motion to reconsider without a contradictory hearing. If the court denies the motion without a hearing, the party who made or filed the motion may proffer the evidence it would have offered in support of the motion.
 

 Thus, the trial court was not required to conduct a hearing on the defendant’s motion to reconsider sentence. See,
 
 State v. Bedoya,
 
 2008-630 (La.App. 5th Cir.12/16/08), 998 So.2d 1283;
 
 State v. Tremain P.,
 
 2006-438 (La.App. 5th Cir.1/16/07), 956 So.2d 1;
 
 State v. Hughes,
 
 2003-420 (La.App. 3d Cir.12/31/03), 865 So.2d 853,
 
 writ denied,
 
 2004-0663 (La.9/24/04), 882 So.2d 1165. We find no error in the trial court’s procedure.
 

 
 *1157
 
 Additionally, the defendant has not shown any prejudice by the summary denial of his motion. The sole basis for the motion for ^reconsideration of sentence was the defendant’s contention that he was denied his opportunity to “tell his side of the story.” The record reveals that the defendant did not object to his sentence at the time it was imposed; nor did he attempt to proffer any evidence in support of his motion to reconsider. During the guilty plea hearing, the following colloquy took place:
 

 THE COURT: All right. Mr. Jacobs, please read the facts into the record.
 

 MR. JACOBS: [The defendant] did commit the offense — knowingly and intentionally committed] the offense of Aggravated Battery upon the person ... of Luther Burrell by striking him with this wooden club. Again, Mr. Burrell was rendered unconscious and found with multiple head lacerations. Again, the reason for the battery was that [the defendant and his brother] believed that Mr. Burrell was, I believe, using a residence located at 1425 Hamilton Road in Bossier City to either use or sell drugs out of.
 

 THE COURT: Okay. Are those facts correct, sir?
 

 [DEFENDANT]: Yes, sir.
 

 THE COURT: Mr. Gerhardt, you’ve heard my questions to your client. Do you believe he understands his rights and voluntarily waives those rights?
 

 [DEFENSE COUNSEL]: Yes, I do, Your Honor.
 

 THE COURT: All right. To the charge of Aggravated Battery, how do you plead, guilty or not guilty?
 

 [DEFENDANT]: Guilty.
 

 [[Image here]]
 

 We find that the defendant was not entitled to a hearing on his motion to reconsider sentence. The record reveals that the defendant entered his guilty plea knowingly and voluntarily, after the trial court apprised him on the record of his constitutional rights, the sentencing range for the offense and the agreed-upon sentencing cap. The defendant made no attempt “to tell his side of the story.” In fact, the defendant affirmed on the record that the facts asserted by the state were correct. This assignment lacks merit.
 

 CONCLUSION
 

 For the foregoing reasons, we hereby affirm the defendant’s conviction and sentence.
 

 CONVICTION AFFIRMED; SENTENCE AFFIRMED.
 

 [1]
 

 . One portion of the record reflects that Smith was rendered unconscious, while another portion states that Burrell suffered loss of consciousness.