STEWART, J.
 

 I,The defendant, Kelvin P. Wise, pled guilty to one count of attempted aggravated rape and was sentenced to 30 years at hard labor without benefits of probation, parole, or suspension of sentence. This appeal raises the claim that the sentence is excessive. Because this claim lacks merit, we affirm the defendant’s sentence and grant appellate counsel’s motion to withdraw.
 

 FACTS
 

 On October 28, 2004, the defendant was charged by bill of indictment with three counts of aggravated rape of 10-year-old twin sisters. The offenses were alleged to have occurred between August 1, 2004, and September 17, 2004.
 

 
 *1139
 
 As part of a plea bargain agreement, the defendant pled guilty on January 18, 2007, to a reduced charge of one count of attempted aggravated rape, and the state agreed to dismiss the two remaining counts of aggravated rape. The record shows that the plea agreement as first explained by the state provided for a pre-sentence investigation (“PSI”) report and a 30-year cap on sentencing exposure, but that defendant pled without the 30-year cap so as to preserve his right to appeal. On April 11, 2007, the trial court reviewed the PSI, set forth the facts of the offense as well as aggravating and mitigating factors, and then sentenced the defendant to 30 years of imprisonment at hard labor without benefits.
 

 Following a timely post-conviction relief application, the defendant was appointed counsel and granted an out-of-time appeal to challenge his sentence. Appellate counsel has filed an
 
 Anders
 
 brief, also referred to as a |
 
 ^Benjamin
 
 brief, seeking to withdraw and alleging that he could find no non-frivolous issues to raise on appeal.
 
 See Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967);
 
 State v. Jyles,
 
 96-2669 (La.12/12/97), 704 So.2d 241;
 
 State v. Mouton,
 
 95-0981 (La.4/28/95), 653 So.2d 1176;
 
 and State v. Benjamin,
 
 573 So.2d 528 (La.App. 4th Cir.1990). The defendant has filed a
 
 pro se
 
 brief raising the claim that his sentence is excessive.
 

 DISCUSSION
 

 At the outset, we note the confusion in the record as to whether the plea agreement included a sentencing cap of 30 years with a PSI or whether sentence was to be imposed without a cap but upon review of a PSI. A sentence imposed within a cap cannot be appealed as excessive absent a specific reservation of the right to do so.
 
 State v. Young,
 
 96-0195 (La.10/15/96), 680 So.2d 1171;
 
 State v. Foster,
 
 42,212 (La.App.2d Cir.8/15/07), 962 So.2d 1214. When the defendant accepted the plea, defense counsel clearly indicated that it was without the cap. In its ruling on a post-conviction relief application on February 15, 2008, the trial court stated that it gave the defendant the benefit of the 30-year cap even though it was not part of the plea agreement. Accordingly, we find that the plea did not include the 30-year cap and that the sentence may be reviewed for excessiveness.
 

 The defendant first argues that his sentence is illegally harsh in that it is five years over the maximum that could have legally been imposed. The defendant asserts that the sentencing range for aggravated rape is 10 to 50|ayears at hard labor, thus the maximum exposure for attempted aggravated rape was 25 years. The defendant’s assertion is incorrect. Mandatory life imprisonment at hard labor is the sentence provided for aggravated rape under La. R.S. 14:42(D). Accordingly, the sentencing range for an attempted aggravated rape conviction is imprisonment at hard labor for not less than 10 nor more than 50 years. La. R.S. 14:27(D)(l)(a) and La. R.S. 14:42(D). The defendant’s sentence was 20 years less than the statutory maximum for attempted aggravated rape.
 

 The defendant next argues that his sentence is constitutionally excessive. A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering.
 
 State v. Smith,
 
 2001-2574 (La.1/14/03), 839 So.2d 1. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice.
 
 State v. Lobato,
 
 603 So.2d 739 (La.1992);
 
 State v. Robinson,
 
 40,983 (La.App.2d Cir.1/24/07), 948 So.2d 379.
 

 
 *1140
 
 A trial court has broad discretion to sentence within statutory limits. Moreover, where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense.
 
 State v. Germany,
 
 43,-239 (La.App.2d Cir.4/30/08), 981 So.2d 792;
 
 State v. Black,
 
 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667,
 
 writ denied,
 
 96-0836 (La.9/20/96), 679 So.2d 430. Absent a manifest abuse of that discretion, we may not set aside a sentence as excessive.
 
 State v. Guzman,
 
 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158;
 
 State v. June,
 
 38,440 (La.App.2d Cir.5/12/04), 873 So.2d 939.
 

 The defendant was originally charged with three counts of aggravated rape involving 10-year-old twin sisters. According to the record and the PSI, he confessed to at least two of the counts when interviewed by law enforcement. Given that a conviction on even one of the counts could have resulted in a mandatory life sentence, the 30-year sentence is in no way grossly disproportionate to the seriousness of the offense.
 

 In his confession and acceptance of the plea, the defendant admitted that the victim was 10 years old. Moreover, the record shows that he knew she was developmentally disabled. Though the defendant claims he expressed remorse, he persisted in blaming the young victim for initiating the act. When this offense and the 30-year hard labor sentence are viewed in light of the harm done to society and the young victim, the sense of justice is not shocked. This first offender received a mid-range sentence for the pled offense, which does not adequately describe his egregious actions. Accordingly, the sentence imposed is not constitutionally excessive, nor does it reflect a manifest abuse of the trial court’s discretion.
 

 We have reviewed the record for error patent and detected none.
 

 CONCLUSION
 

 For the reasons expressed, appellate counsel’s motion to withdraw is granted, and the defendant’s conviction and sentence are affirmed.
 

 AFFIRMED; MOTION TO WITHDRAW GRANTED.