NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 10-614


STATE OF LOUISIANA

VERSUS

CARLOS J. TOLLIVER


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR-119090
HONORABLE PATRICK LOUIS MICHOT, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Billy Howard Ezell, Judges.

**AFFIRMED.**


**Michael Harson**
**District Attorney, Fifteenth Judicial District Court**
**P. O. Box 3306**
**Lafayette, LA 70502-3306**
**(337) 232-5170**
**Counsel for Plaintiff/Appellee:**
**State of Louisiana**

**Carey J. Ellis, III**
**Louisiana Appellate Project**
**707 Julia Street**
**Rayville, LA 71269**
**(318) 728-2043**
**Counsel for Defendant/Appellant:**
**Carlos J. Tolliver**

**EZELL, JUDGE.**

On March, 25, 2008, Defendant, Carlos J. Tolliver, was charged by a bill of information with one count of second degree robbery, a violation of La.R.S. 14:64.4, and one count of simple battery, a violation of La.R.S. 14:35. Trial commenced on September 22, 2009. However, following voir dire, on September 23, 2009, Defendant changed his not guilty plea to a plea of guilty pursuant to an agreement with the State. He pled guilty to one count of second degree robbery.

Defendant was sentenced on January 28, 2010, to twenty years at hard labor, to be served consecutively with any sentence he was currently serving, and credit for time served was given. Defendant did not file a motion to reconsider the sentence.

Defendant has perfected a timely appeal, alleging a constitutionally excessive sentence.

## FACTS

Whereas Defendant pled guilty, the facts are as recited at the guilty plea hearing, as follows:

> [O]n January 22, 2008, officers responded to the Mall of Louisiana (sic), located here in Lafayette Parish. Upon arriving officers spoke to the victims, Mr. Robert Barragan and Ms. Phoung Barragan. They told the officers that three black males had attacked Ms. Barragan, knocked her down, punched her at least twice, knocked her unconscious and stole her purse. Mr. Barragan at that point was behind Ms. Barragan and he was actually knocked down by one of the other defendants, when he went to actually try to help her.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there is one error patent and one procedural issue worth noting.

First, there was a misjoinder of offenses in the bill of information. The bill of information charged the Defendant with second degree robbery, in violation of

1

La.R.S. 14:64.4, and simple battery, a violation of La.R.S. 14:35. Louisiana Code of Criminal Procedure Article 493 provides for the joinder of offenses in a single bill of information under limited circumstances if the offenses joined are triable by the same mode of trial. Count one was triable by a jury of twelve, ten of whom must concur to render a verdict. La.R.S. 14:64.4; La.Code Crim.P. art. 782. Count two, a misdemeanor, was not triable by jury. La.R.S. 14:35; La.Code Crim.P. art. 779. Thus, these two counts were improperly joined in the bill of information. However, the Defendant did not file a motion to quash the bill of information on the basis of misjoinder of offenses, as required by statute. La.Code Crim.P. art. 495. Additionally, by entering an unqualified guilty plea, Defendant waived review of this non-jurisdictional pre-plea defect. *See State v. Crosby*, 338 So.2d 584 (La.1976). Accordingly, review of this error is waived.

Next, because the misdemeanor charge was not triable by jury, the proper mode of appellate review for that offense is an application for writ of review, rather than an appeal. La.Code Crim.P. art. 912.1. However, because the State dismissed the charge, any procedural issue is rendered moot.

## ASSIGNMENT OF ERROR

Defendant argues that his sentence of twenty years imprisonment is excessive under the circumstances of his case.

An offense of second degree robbery is punishable by a sentence of not less than three years and not more than forty years at hard labor. La.R.S. 14:64.4(B). Defendant was sentenced pursuant to a plea agreement which provided that a cap of no more than twenty years imprisonment could be imposed. Defendant received the maximum sentence he could have received pursuant to the plea agreement.

2

Initially, Defendant did not file a motion for reconsideration of the sentence. Louisiana Code of Criminal Procedure Article 881.1, in pertinent part, provides:

> A. (1) In felony cases, within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
>
> . . . .
>
> B. The motion shall be oral at the time of sentence or shall be in writing thereafter and shall set forth the specific grounds on which the motion is based.
>
> . . . .
>
> E. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

Furthermore, Defendant pled under a sentencing cap. A "defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." La.Code Crim.P. art. 881.2(A)(2). *See also State v. Washington,* 07-852 (La.App. 3 Cir. 1/30/08), 977 So.2d 1060.

Defendant argues that he did not intelligently waive his constitutional right to appellate review for excessiveness of the sentence. Defendant cites a second circuit case, wherein it was found that even though the defendant pled guilty to armed robbery pursuant to a plea agreement with a thirty-year cap, he did not contemplate that by pleading guilty he was waiving his right to appeal the excessiveness of the sentence, and therefore the second circuit addressed whether the sentence was excessive. *State v. Foster,* 42,212 (La.App. 2 Cir. 8/15/07), 962 So.2d 1214. In *Foster,* however, the trial court specifically advised the defendant that, "You have the right of appeal or judicial review of a verdict of guilty. Do you understand that you

3

give this up by pleading guilty, except as to the amount of the sentence?" *Id.* at 1218. Therefore, the second circuit agreed that Foster did not contemplate that by pleading guilty he was waiving his right to appeal the sentence for excessiveness. In the current case, Defendant argues that at no time during the *Boykinization* did the trial court advise him that he did not have the right to appeal whatever sentence he received. He argues that while the plea form and the trial court specifically told him that he was losing the right to appeal the conviction should he plead guilty, "[t]he trial court did not explain to Defendant his right to appeal the excessiveness of the sentence or that he was waiving that right." Accordingly, he argues that he did not waive his right to an appellate review of the excessiveness of the sentence. However, unlike *Foster*, while the trial court did not specifically tell Defendant he was giving up the right to appeal the excessiveness of the sentence, the trial court did discuss with Defendant the fact that there was a sentencing cap of twenty years.

This court has consistently held that a defendant cannot seek review of a sentence that was within the agreed-upon sentencing range set forth in the record pursuant to a plea agreement. *See Washington*, 977 So.2d 1060; and *State v. Percy*, 09-1319 (La.App. 3 Cir. 5/5/10), 36 So.3d 1115. The State agreed to the cap, dismissed the simple battery charge, and agreed not to file a habitual offender bill against Defendant in exchange for his guilty plea. Furthermore, at no time during the guilty plea hearing or the sentencing hearing were there any objections made regarding the sentencing range, or the sentence imposed.

**CONCLUSION**

This assignment of error will not be considered. The sentence was within the agreed upon sentencing cap. Therefore, Defendant is precluded from appealing the sentence. Accordingly, this court affirms the sentence imposed on Defendant.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.  Uniform Rules-Courts of Appeal. Rule 2-16.3.