PEATROSS, J.
 

 | pursuant to a plea bargain, Defendant, Gene Owens Landers, pled guilty to armed robbery and was sentenced to 15 years’ imprisonment at hard labor without the benefit of probation, parole or suspension of sentence. Defendant, proceeding
 
 pro se,
 
 filed the instant appeal and briefing deadlines were set by this court. Subsequently, however, Defendant’s appellate counsel filed a motion to withdraw, together with a Benjamin
 
 [1]
 
 brief in support of the motion.
 

 The State then filed an appellate brief concurring that there are no nonfrivolous issues to raise on appeal. On January 13, 2011, this court rescinded the previously fixed
 
 pro se
 
 briefing deadline and notified Defendant that he may file a brief in this appeal within 30 days of its order and request to view the appellate record within 10 days of the date of this order. Defendant has not requested the record and has not filed a brief.
 

 For the reasons stated herein, the motion to withdraw is granted and the conviction and sentence of Defendant are affirmed.
 

 DISCUSSION
 

 Defendant was originally charged by bill of information with armed robbery and, in a separate case, by bill of indictment with second degree murder. Both cases arose from the same incident. As part of a plea bargain agreement, Defendant pled guilty as charged in the instant case. Pursuant to the agreement, a presentence investigation report was ordered and Defendant’s sentence was capped at 15 years’ imprisonment without the benefit of probation, parole or suspension of sentence. Defendant was | ^informed that his sentencing range
 
 *1080
 
 would be 10-15 years without benefits in accordance with the minimum sentencing exposure of La. R.S. 14:64. As previously stated, on April 8, 2010, Defendant was sentenced to serve 15 years’ hard labor without benefits or eligibility for diminution of sentence in accordance with La. R.S. 15:571.3.
 

 As previously set forth herein, this appeal followed and appellate counsel for Defendant filed an
 
 Anders
 
 brief seeking to withdraw and alleging that there are no nonfrivolous issues to raise on appeal.
 
 See Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967);
 
 State v. Jyles,
 
 96-2669 (La.12/12/97), 704 So.2d 241;
 
 State v. Mouton,
 
 95-0981 (La.4/28/95), 653 So.2d 1176;
 
 State v. Benjamin,
 
 573 So.2d 528 (La.App. 4th Cir.1990). The brief outlines the procedural history of the case and the evidence adduced during the plea hearing, including the fact that Defendant confessed his participation in the armed robbery of the victim. The brief also contains “a detailed and reviewable assessment” for both Defendant and this court “as to whether the appeal is worth pursuing in the first place.”
 
 Jyles, supra.
 

 In addition, we note that Defendant filed a
 
 pro se
 
 motion to reconsider sentence in the trial court, which was denied. Defendant’s counsel on appeal correctly reviews this issue, in brief, concluding that a sentence imposed in accordance with a plea agreement is not reviewable on appeal. La. C. Cr. P. art. 881.2(A)(2);
 
 State v. Young,
 
 96-0195 (La.10/15/96), 680 So.2d 1171;
 
 State v. Vance,
 
 45,250 (La.App.2d Cir.5/19/10), 36 So.3d 1152. Appellate counsel for Defendant further verifies |sthat she mailed copies of the motion to withdraw and her brief to Defendant, in accordance with
 
 Anders, Jyles, Mouton
 
 and
 
 Benjamin, supra.
 

 Finally, we have conducted an error patent review of the appellate record and no errors patent were found. The bill of information and arraignment were correctly done. There were no errors patent found in the guilty plea or sentencing proceedings. Furthermore, the record supports the sentence imposed on Defendant.
 

 CONCLUSION
 

 For the foregoing reasons, the motion to withdraw is granted and the conviction and sentence of Defendant, Gene Owens Lan-ders, are affirmed.
 

 AFFIRMED.
 

 [1]
 

 .
 
 State v. Benjamin,
 
 573 So.2d 528 (La.App. 4th Cir.1990).