DO NOT PUBLISH

**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**12-312 c/w 12-313 & 12-314**

**STATE OF LOUISIANA**

**VERSUS**

**LARRY NIX**

************

**APPEAL FROM THE**
**THIRTIETH JUDICIAL DISTRICT COURT**
**PARISH OF VERNON, NO. 77989**
**HONORABLE VERNON B. CLARK, DISTRICT JUDGE**

************

**J. DAVID PAINTER**
**JUDGE**

************

Court composed of Marc T. Amy, John D. Saunders , and, J. David Painter Judges.

**FELONY SENTENCES AFFIRMED; MISDEMEANOR CHARGES SEVERED.**

**Carey J. Ellis, III**
**Louisiana Appellate Project**
**P.O. Box 719**
**Rayville, LA 71269**
**Counsel for Defendant-Appellant:**
    **Larry Nix**

**Asa A. Skinner, District Attorney**
**Terry W. Lambright, Assistant District Attorney**
**P.O. Box 1188**
**Leesville, LA 71446**
**Counsel for Appellee**
    **State of Louisiana**

**PAINTER, Judge**

Defendant, Larry Nix, appeals the sentence imposed in connection with his conviction for one count each of distribution of cocaine, possession of cocaine with intent to distribute, possession of cocaine, and possession of hydrocodone with intent to distribute. For the following reasons, we affirm the felony sentences imposed by the trial court and sever the misdemeanor charges.

**FACTS**

On October 5, 2010, the State filed a bill charging Defendant with possession of cocaine with intent to distribute, a violation of La.R.S. 40:967(A)(2). On January 4, 2011, the State filed a bill charging Defendant with another count of possession of cocaine with intent to distribute. On the same date, the State filed a bill charging him with six misdemeanors. A third bill filed on that date charged Defendant with possession of hydrocodone with intent to distribute, a violation of La.R.S. 40:967(F), and possession of Xanax with intent to distribute, a violation of La.R.S 40:969. Errors in the second and third bills will be discussed in the "Errors Patent" section of this opinion.

On September 13, 2011, Defendant entered several guilty pleas pursuant to a plea agreement. He pled to one count each of distribution of cocaine; possession of cocaine with intent to distribute, a reduced charge of possession of cocaine, and possession of hydrocodone with intent to distribute. The remaining felony counts were dismissed.

Defendant also pled guilty to some misdemeanor charges and others were dismissed. However, such charges, billed together under trial docket number 80506, are properly reviewable by way of writ rather than appeal.

1

La.Code Crim.P. art. 912.1(C)(1). Therefore, the misdemeanor guilty pleas are severed, and Defendant has thirty days to file a writ of review.

The plea agreement included a sentencing cap of twenty-five years.

On November 16, 2011, the court sentenced Defendant as follows:

Distribution of Cocaine: eighteen years at hard labor, without benefit of parole, probation, or suspension of sentence, plus a $2,500 fine;

Possession of Cocaine with Intent to Distribute: eighteen years at hard labor, the first two years without parole, probation, or suspension of sentence, plus a $2,500 fine;

Possession of Cocaine: five years at hard labor, plus a $1,000 fine;

Possession of Hydrocodone with Intent to Distribute: Eight years at hard labor, plus a fine.

All sentences were ordered to run concurrently

Defendant now appeals, asserting a single assignment of error. The appeals have been lodged with three docket numbers.

## ERRORS PATENT

This court reviews all appeals for errors patent on the face of the record pursuant to La.Code Crim.P. art 920.

After reviewing the record, we first find an error patent in docket number 12-313. The bill of information erroneously cites La.R.S. 40:967(A)(2) for possession with intent to distribute cocaine. The bill indicates that the substance Defendant possessed with intent to distribute was cocaine, not a counterfeit controlled dangerous substance. Thus, the correct citation for the offense is La.R.S. 40:967(A)(1). Further, we find an error patent involving the bill of information filed in docket number 80507, appeal docket number 12-314. The bill of information erroneously cites La.R.S. 40:967(F) for possession with intent to distribute hydrocodone. The

2

correct citation for the offense is La.R.S. 40:967(A)(1). Additionally, Count II erroneously listed La.R.S. 40:969(F) as the citation for possession with intent to distribute Xanax, when the correct citation is La.R.S. 40:969(A)(1), and it listed Xanax as a "Schedule III" rather than a Schedule IV drug.

The erroneous citation of a statute in the charging instrument is harmless error as long as the error does not mislead Defendant to his prejudice. La.Code Crim.P. art. 464. The Defendant does not allege any prejudice because of the erroneous citation; thus, any error is harmless. Additionally, by entering an unqualified plea, the Defendant waived review of this non-jurisdictional pre-plea defect. *See State v. Crosby*, 338 So.2d 584 (La.1976). Accordingly, these errors are harmless and/or are waived. *State v. Allen,* 09-1281 (La.App. 3 Cir. 5/5/10), 36 So.3d 1091.

## EXCESSIVE SENTENCE

In his sole assignment of error, Defendant argues that his eighteen-year total sentence is excessive. As noted by the State, Defendant's plea agreement included a twenty-five-year sentencing cap. Further, the State cites La.Code Crim.P. art 881.1(A)(2): "The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea."

This court has explained:

> In *State v. Roberts*, 08-1026, p. 11 (La.App. 3 Cir. 3/4/09), 4 So.3d 1011, 1019, this court discussed a defendant's right to seek review of a sentence imposed in accordance with a plea agreement:
>
>> Louisiana Code of Criminal Procedure Article 881.2(A)(2) provides that a "defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." It is uncontested that Defendant entered

3

> into a plea agreement with the State that included a ten-year sentencing cap. Defendant was sentenced within the terms of his plea agreement. Therefore, he is precluded from seeking a review of his sentence on appeal. See *State v. Washington*, 07-852 (La.App. 3 Cir. 1/30/08), 977 So.2d 1060.
>
> In the present case, the Defendant pled guilty to first degree robbery, which is punishable by imprisonment at hard labor for not less than three nor more than forty years, without benefit of probation, parole, or suspension of sentence. La. R.S. 14:64.1. As part of the plea agreement, the parties agreed to a sentencing cap of fifteen years. The Defendant was sentenced to fifteen years. Because the sentence imposed was within the agreed upon sentencing cap, the Defendant may not seek review of the sentence. Accordingly, this assignment of error will not be considered.
>
> The Defendant has raised no other issues for review by this court. Consequently, and finding no error patent on the face of the record, we affirm the sentence imposed on the Defendant.

*State v. Percy*, 09-1319 p. 2 (La.App. 3 Cir. 5/5/10), 36 So.3d 1115, 1116, *writ denied*, 10-1253 (La. 12/17/10), 51 So.3d 17.

Thus, review of the present sentence is precluded. We further note that the total sentence received by Defendant was seven years less than the agreed-upon cap.

However, Defendant cites *State v. Foster*, 42,212 (La.App. 2 Cir. 8/15/07), 962 So.2d 1214, a decision that allowed a defendant to appeal his sentence despite the existence of a sentencing cap. The trial judge in *Foster* specifically told the defendant he was waiving his right to appeal "'except as to the amount of the sentence.'" *Id.* at 1216. In the current case, Defendant notes that the trial court advised him that "under Article 914, any appeal must be taken by written motion or oral motion in open court made no later than thirty days after the judgment or ruling from which the appeal is taken."

The second circuit has stated another basis for review:

> [T]his court has allowed a defendant's sentence to be reviewed in cases in which the defendant is informed of the right to appeal by the trial judge during the plea colloquy, even though there was an agreed upon sentence or sentencing cap. This court reasoned that to do otherwise might raise the issue of whether the advisement of the right to appeal had any effect on the voluntariness of the plea. See, *State v. Scott,* 44,509 (La.App.2d Cir.8/19/09), 17 So.3d 1058; *State v. Fizer*, 43,271 (La.App.2d Cir.6/4/08), 986 So.2d 243; *State v. Foster, supra*.

*State v. Vance*, 45,250, pp. 2-3 (La.App. 2 Cir. 5/19/10), 36 So.3d 1152, 1155.

In the present case, the statement appeared in the midst of ministerial advisements by the court:

> I advise you, sir, that, pursuant to Code of Criminal Procedure Article 894.1D, your sentence was not enhanced upon the basis of any habitual offender proceedings. And, that, under Article 914, any appeal must be taken by written motion or oral motion in open court made no later than thirty days after the judgment or ruling from which the appeal is taken. And, under Article 930.8, any proceeding for post-conviction relief, subject to the exceptions set forth therein, must be filed within a period of two years from the date this conviction and sentence becomes final. That's the sentence of the court and I remand him to the custody of the Sheriff.

Further, Defense counsel stated the plea agreement on the record:

> Your Honor, the State and the Defense are recommending also in conjunction with that that there be a, a cap of a twenty-five-year sentence on this for Mr. Nix. Some of these offenses carry potentially more time than that. We are also recommending that all sentences run concurrent with each other and that there be a forfeiture of any items seized, that there by no habitual offender filed on this defendant; and, of course, Your Honor, at sentencing we are asking and recommending that this -- the court would recommend to DOC that he placed in the Blue Walters Substance Abuse Program if, if the court decides to place him in DOC custody. At this time, Your Honor, I have a Waiver of Constitutional Rights and Plea of Guilty Form I'm going to file into the record. I believe that is the entirety of the agreement.

Later, the trial judge and Defendant engaged in the following colloquy:

Q.    All right, sir.  Now, Ms. Nelson and Mr. Anderson explained on the record what the plea agreement was -- that is what charges you would plead to, what charges would be dismissed, a recommendation as far as the sentence goes, an agreement as to a cap, forfeiture of some seized property, waiver of right to seek habitual offender status against you, and a request for some drug treatment while you were incarcerated. Did you hear all that?

A.    Yes.

Q.    All right, sir.  Did they leave anything out that you have been led to believe is part of the deal?

A.    No.

Q.    All right.  Now, in particular, they haven't -- your attorney hasn't promised you you're going to get a particular sentence from me, did she?

A.    No.

Q.    In other words, all, all they -- all that they've done and agreed to is a, a limitation on the maximum of twenty-five years.  Do you understand that?

A.    Yes.

Also, the plea form states that Defendant gave up the right to appeal. In the context of a defendant's effort to withdraw a guilty plea, this court, in *State v. Senterfitt*, 00-415, pp. 5-6 (La.App. 3 Cir. 9/27/00), 771 So.2d 198, 202, *writ denied*, 00-2980 (La. 9/28/01), 798 So.2d 107 (footnotes omitted), stated that:

At the hearing on the motion to withdraw his plea, Mr. Senterfitt testified that his attorney had not told him that he could not appeal a sentence which had been imposed with a sentencing cap.  No one called his attorney to testify at the hearing, and there is no mention in the plea transcript that the trial court addressed his appeal rights or that Mr. Senterfitt waived them.

The first inquiry that must be made in resolving his allegation is whether by entry of his guilty plea he waived his right to appeal his sentence.  A plea bargain existed with a sentencing cap.  Consequently, in accordance with La.Code Crim.P. art. 881.2(A)(2) as interpreted by *State v. Young*, [96-

6

195 (La.10/15/96); 680 So.2d 1171], Mr. Senterfitt is precluded from appealing his three-year sentence. The next inquiry is whether his lack of knowledge of this fact affected the voluntariness of the plea. We found no statutory or jurisprudential authority requiring a defendant to specifically waive his right to appeal before a valid guilty plea can be entered. To the contrary, the first circuit held in *State v. Sorenson*, [98-520 (La.App. 1 Cir. 12/28/98); 725 So.2d 604, 606] that "[p]resently, there is no legal requirement that a trial court obtain a waiver of the right to judicial review as a prerequisite to the applicability of the rule of article 881.2(A)(2)." Therefore, we hold that the trial court was not required to advise him that he could not appeal his sentence nor was he required to obtain a waiver of his right to appeal. The Defendant bore the burden of proving that he had not voluntarily entered his plea. Mr. Senterfitt's testimony that his attorney did not inform him that if he pled guilty, as part of a plea bargain with a sentencing cap, he would not be able to appeal his sentence was uncontroverted. However, that fact, alone, does not necessarily lead to the conclusion that he did not knowingly and intelligently make his plea.

Pursuant to *Senterfitt*, the trial judge was not required to advise Defendant that he was waiving his right to appeal. In, *State v. Washington*, 07-852, pp. 2-3 (La.App. 3 Cir. 1/30/08), 977 So.2d 1060, 1061, a case more pertinent to the present set of facts, this court explained that:

> The Defendant alleges that, as part of his plea agreement, it was agreed that he would be able to seek review of his sentence on appeal. Despite the Defendant's allegations, our review of the plea agreement, which the Defendant signed, reveals that there was no such reservation of the right to appeal for anything other than jurisdictional defects. Furthermore, the Defendant does not raise any jurisdictional challenges in his brief; therefore, there is no basis to review his sentence.

> However, the sentencing transcript does reflect the fact that the trial judge made the following statement: "[y]ou are advised that you can appeal any or all of these proceedings. . . ." Although the trial court may have given the Defendant the idea or impression that he was entitled to appeal his sentence, he is in fact precluded from doing so under La.Code Crim.P. art. 881.2(A)(2). *See Myles*, 882 So.2d 1254. *See also State v. Senterfitt*, 00-415 (La.App. 3 Cir. 9/27/00), 771 So.2d 198, *writ denied*, 00-2980 (La.9/28/01), 798 So.2d 107, where this court held that defendant failed to prove that the guilty plea that included a sentencing cap was not voluntary, even though defense counsel failed to inform the defendant that he would

7

not be able to appeal his sentence if he entered into a plea agreement.

Based on the foregoing reasons, the Defendant is precluded from seeking review of his sentence.

Defendant suggests that both he and his counsel thought he had retained the right to appeal his sentence. To the extent Defendant implies his counsel was ineffective, we note that such an argument may be raised in the post-conviction process, where the record may be further developed regarding communications between Defendant and his trial counsel.

Accordingly, the sentence will not be reviewed.

## CONCLUSION

The felony sentences are affirmed. The misdemeanor guilty pleas and sentences are severed and Defendant is given thirty days to file a writ of review.

**FELONY SENTENCES AFFIRMED; MISDEMEANOR CHARGES SEVERED.**