MOORE, J.
 

 liThe defendant, Larry D. Williamson, Jr., pled guilty to one count of aggravated assault with a firearm in violation of La. R.S. 14:37.4, and to one count of second degree battery in violation of La. R.S. 34.1. Each offense is punishable by imprisonment, with or without hard labor, for up to five years. Defendant was sentenced to four years’ imprisonment at hard labor for the aggravated assault with a firearm conviction to run concurrently with a sentence of three years’ imprisonment at hard labor for the second degree battery conviction. The defendant now appeals. We affirm.
 

 FACTS
 

 On April 14, 2006, the defendant, Larry D. Williamson, Jr., repeatedly called the cell phone of his wife, Donna Hitt Williamson, but she did not answer. Fearing her husband’s reprisal, Mrs. Williamson did not go home that night. The next morning she went to her house, and seeing her husband’s truck was gone, she went into the house and put her one-year-old son, Mason, in his bed.
 

 
 *871
 
 According to Mrs. Williamson, the defendant came out of a closet, grabbed her by the hair and dragged her across the floor. He put her on the bed and pointed a .357 Magnum pistol at her head, clicking the hammer back and forth, while threatening to kill her and then himself. He also threatened to burn down the house.
 

 Mrs. Williamson grabbed the baby and ran out of the house. The defendant ran behind her and fired the .357 Magnum pistol in Mrs. Williamson’s direction as she handed the baby to her sister, Darby Hitt, who, along with their mother, Donna Hitt, had just arrived at the residence. |2The Williamsons’ neighbor, Glenda Daniels, called 911. Shortly thereafter, Franklin Parish Sheriffs deputies arrived, and the defendant relinquished the .357 Magnum pistol, which contained five live rounds. Although the defendant’s shot did not hit Mrs. Williamson, she reported to the police that she was scared to death. The defendant was arrested.
 

 On May 23, 2008, the defendant was charged with attempted second degree murder, aggravated assault, domestic abuse battery, and simple battery. On March 23, 2010, the bill of information for attempted second degree murder was amended to aggravated assault with a firearm, and the domestic abuse battery charge was amended to second degree battery. The defendant withdrew his former plea of not guilty and pled guilty to the amended charges. In exchange for this plea, the state dismissed the aggravated assault and simple battery charges. The defense and the state agreed to submit the Franklin Parish Sheriffs Office report as the factual basis for defendant’s plea. The court ordered a presentence investigation (“PSI”) and scheduled sentencing for June 15, 2010.
 

 At the sentencing hearing, the trial court reviewed the PSI, letters submitted by the victim and her family, as well as letters submitted by and on behalf of the defendant. The court recognized that the defendant voluntarily completed an anger management course in August 2008. From the PSI report, and police reports, the court noted that when the sheriffs office initially arrived, the defendant did not state that the shooting was accidental. Rather, it was some time later that the defendant told the investigator that he did not shoot at his wife, but that “he was trying to let lathe hammer go forward on the pistol and it slipped out of his hand and went into the ground.” The court opined that the shooting was not accidental.
 

 The court also reviewed the defendant’s criminal history, and noted he was a first-time felony offender. However, the court noted that this was not defendant’s first act of violence against the victim. Approximately two months prior to the instant offense, Mrs. Williamson sought a protective order against the defendant wherein she alleged that she was picked up by her hair, thrown to the floor, kicked in the ribs and dragged across the floor; however, the protective order was dismissed.
 

 There were several mitigating and aggravating factors that the court considered prior to imposing defendant’s sentences. The court listed the following as mitigating factors: defendant is 29 years old and a first felony offender; he is a hard worker paying $1,100 per month in child support, and imprisonment would place a hardship upon the victim because she would not receive the child support; and the defendant voluntarily participated in an anger management program. Nevertheless, the court noted several aggravating factors. The most alarming factor was that the defendant shot a .357 Magnum pistol at or in the direction of the victim and his own child. Defendant used threats of violence
 
 *872
 
 and actual violence in the commission of the offense. Also, this was not the defendant’s first act of violence against this same victim. Furthermore, the court found that this incident was planned because the defendant hid his truck. The court also noted that the defendant bene-fitted from the plea agreement because it greatly reduced his sentencing exposure. Lastly, the court considered the impact of this offense |4on the victim and her family.
 

 The court sentenced the defendant to four years’ imprisonment at hard labor on the charge of aggravated assault with a firearm and three years’ imprisonment at hard labor for the second degree battery charge. The sentences were ordered to run concurrently with each other, and the defendant was to be given credit for time served.
 

 The defendant filed a motion to reconsider sentence and asserted numerous factors in mitigation of the sentences imposed. Specifically, the defendant alleged the shooting was accidental, and several people could have testified to the facts which support his version of the incident. He also asserted that he suffers from a physical condition in his arms which caused the gun to slip and mistakenly fire. He alleged that he did not intend to shoot and/or harm anyone because he left five live rounds in the .357 Magnum pistol.
 

 Defendant requested that the court consider the fact that Mrs. Williamson is no longer fearful of the defendant, and that the defendant is considered a churchgoing man, hard-working and a helpful citizen in the community, as noted in the witnesses’ letters. He also reiterated that he voluntarily completed an anger management course. Based upon these factors, the defendant requested that the court hold a hearing and reconsider the original sentences imposed. The trial court denied the motion, noting that the factual basis was based upon the police reports, to which the defense had earlier agreed. Further, the court noted that it had previously considered all of these factors prior to imposing the sentence. This | r,appeal followed.
 

 DISCUSSION
 

 By his first assignment of error, the defendant contends that the district court erred by imposing excessive sentences for the two offenses. He contends that a probated sentence is more appropriate under the circumstances.
 

 The state argues that the defendant’s sentences are appropriate considering the nature of the offense committed and the benefit defendant received from the plea agreement.
 

 An appellate court utilizes a two-pronged test in reviewing a sentence for excessiveness. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article.
 
 State v. Smith,
 
 433 So.2d 688 (La.1983);
 
 State v. Lathan,
 
 41,-855 (La.App. 2 Cir. 2/28/07), 953 So.2d 890,
 
 writ denied,
 
 2007-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1.
 
 State v. Lanclos,
 
 419 So.2d 475 (La.1982);
 
 State v. Swayzer,
 
 43,350 (La. App. 2 Cir. 8/13/08), 989 So.2d 267. There is no requirement that specific matters be given any particular weight at sentencing.
 
 *873
 

 State v. Shumaker,
 
 41,547 (La.App. 2 Cir. R12/13/06), 945 So.2d 277,
 
 writ denied,
 
 2007-0144 (La.9/28/07), 964 So.2d 351.
 

 Second, the court must examine whether the sentence is too severe considering the circumstances of the case and the background of the defendant. A sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering.
 
 State v. Smith,
 
 2001-2574 (La.1/14/03), 839 So.2d 1;
 
 State v. Dorthey,
 
 623 So.2d 1276 (La.1993);
 
 State v. Bonanno,
 
 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice.
 
 State v. Weaver,
 
 2001-0467 (La.1/15/02), 805 So.2d 166;
 
 State v. Lobato,
 
 603 So.2d 739 (La. 1992);
 
 State v. Robinson,
 
 40,983 (La.App. 2 Cir. 1/24/07), 948 So.2d 379;
 
 State v. Bradford,
 
 29,519 (La.App. 2 Cir. 4/2/97), 691 So.2d 864.
 

 A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing.
 
 State v. Cook,
 
 95-2784 (La.5/31/96), 674 So.2d 957,
 
 cert. denied,
 
 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion.
 
 Id.
 

 In this instance the trial court adequately considered the PSI report, witnesses’ letters, letters from the victim and her family, and all aggravating 17and mitigating factors set forth in La. C. Cr. P. art. 894.1. The court recognized that the defendant was only 29 years old, a first-time felony offender, and that the defendant’s incarceration would place an undue hardship upon Mrs. Williamson because she would not receive the monthly child support. Nonetheless, there were several aggravating factors in this case. Specifically, the defendant shot a .357 Magnum pistol, which could have resulted in serious bodily injury or even death, in the direction of his wife while his own son was practically in her arms. This shooting was not believed to be accidental, considering that the defendant was in a jealous rage, that he hid his truck in order to surprise the victim, and that he threatened to kill the victim. Also, this was not the defendant’s first time committing acts of violence against this victim.
 

 Furthermore, the defendant was originally charged with attempted second degree murder, aggravated assault, domestic abuse battery and simple battery. The attempted second degree murder charge alone would have exposed defendant to a possible sentence of at least 10 years, and as much as 50 years’ imprisonment at hard labor without parole, probation or suspension of sentence. La. R.S. 14:27(D)(l)(a). With the plea agreement, however, the defendant’s maximum exposure was limited to 10 years. Of those 10 years, the defendant received four years’ imprisonment at hard labor and three years’ imprisonment at hard labor to run concurrently. Considering the seriousness of this offense and defendant’s propensity to commit acts of violence against the same victim, this sentence is neither grossly disproportionate nor does it shock the sense of justice.
 

 | ¡/This assignment of error therefore is without merit.
 

 By his second assignment, the defendant alleges that the district court erred by failing to grant a hearing on defendant’s motions to reconsider sentence pursuant to C. Cr. P. art. 881.1. He con
 
 *874
 
 tends that he would have been able to present evidence to support reconsideration of the sentences imposed if the court would have granted a hearing on its motion to reconsider sentence.
 

 The state argues that the record reflects that the trial court considered all of the factors the defense attempted to raise in the motion to reconsider sentence prior to imposing defendant’s sentence.
 

 La. C. Cr. P. art. 881.1, in pertinent part, states:
 

 D. The trial court
 
 may
 
 deny a motion to reconsider sentence without a hearing, but may not grant a motion to reconsider sentence without a contradictory hearing. If the court denies the motion without a hearing, the party who made or filed the motion may proffer the evidence it would have offered in support of the motion. (Emphasis added.)
 

 Thus, a trial court is not required to conduct a hearing on a defendant’s motion to reconsider sentence.
 
 State v. Vance,
 
 45,250 (La.App. 2 Cir. 5/19/10), 36 So.3d 1152;
 
 State v. Bedoya,
 
 08-630 (La. App. 5 Cir. 12/16/08), 998 So.2d 1283,
 
 writ denied,
 
 2009-0484 (La.11/20/09), 25 So.3d 784.
 

 In this instance, the trial court did not abuse its discretion when it denied defendant’s request for a hearing on the motion to reconsider sentence. In its written reasons, the court noted that the defense agreed to submit the Franklin Parish Sheriffs Office reports as the factual basis. Therefore, although the defendant had the opportunity to contest the facts | contained in the police report, and to supply the court with his version of the events, he elected not to do so. Furthermore, defendant’s motion to reconsider did not allege any new factors that the court had not previously considered. Considering that the defendant offered nothing new for the court to consider, there was no abuse by the trial court of its discretion when it denied the motion to reconsider sentence without a hearing.
 

 This assignment of error is therefore without merit.
 

 CONCLUSION
 

 For the foregoing reasons, the defendant’s convictions and sentences are affirmed.
 

 CONVICTIONS AND SENTENCES AFFIRMED.